UNITED STATES of America,
Plaintiff-Appellee,

v.

Harold J. BRACKEN,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

David L. TAPLIN, Defendant-Appellant.

Nos. 76–3101, 76–3189.

United States Court of Appeals,
Ninth Circuit.

July 29, 1977.

Certiorari Denied Oct. 3, 1977.
See 98 S.Ct. 219.

Ronald Bain, Los Angeles, Cal., argued for defendant-appellant Taplin.

Danilo J. Becerra, Federal Public Defender, Los Angeles, Cal., for defendant-appellant Bracken.

John D. Vandevelde, Asst. U. S. Atty., Los Angeles, Cal., argued for plaintiff-appellee.

Before HUFSTEDLER, SNEED, and KENNEDY, Circuit Judges.

PER CURIAM:

Harold J. Bracken and David L. Taplin appeal from their convictions for violating 18 U.S.C. § 662 (buying, receiving or concealing stolen personal property).[1] Both of them contend that, if they were guilty of any crime, it was that of stealing property in violation of 18 U.S.C. § 661 (stealing personal property).[2] They argue that one who steals property cannot be guilty of

---

[1] In pertinent part, § 662 provides: "Whoever, within the . . . territorial jurisdiction of the United States, buys, receives, or conceals any . . . thing . . . from any other person, knowing the same to have been so taken . . . shall be [guilty of an offense]."

[2] In pertinent part, § 661 provides: "Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows: If the property taken is of a value exceeding $100, or is taken from the person of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both; in all other cases, by a fine of not more than $1,000 or by imprisonment not more than one year, or both."

receiving stolen goods, i. e., that a thief cannot receive stolen property from himself. We find there was ample evidence to support a conviction for receiving stolen property on the facts of this case.

Three articles of personal property, worth less than $100, were stolen from a veterans' administration hospital on February 9, 1976. Bracken and Taplin were seen in the area of the thefts. Shortly thereafter, officers saw some of the missing articles in a vehicle next to which the two men had been seen earlier. Bracken was arrested after a chase. Taplin was arrested after he was located in one of the hospital buildings. All of the stolen articles were recovered from the vehicle after a consent search. After a jury trial, the appellants were found guilty on the one-count information, in which both of them were charged with violating 18 U.S.C.A. § 662.

◼ The cases indicate that a thief can be charged with both the stealing and the receiving of the stolen property. As a general rule, however, he can be convicted and punished for only one offense. *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976); *Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). In this case, the Government had the power to choose whether to prosecute either under 18 U.S.C. § 661, under 18 U.S.C. § 662, or under both. *United States v. O'Brien,* 391 U.S. 367, 380, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). As soon as it chose to charge appellants with a violation of § 662 alone, it was obligated to prove beyond a reasonable doubt only the elements of that crime, "and the identity of the participant or participants in the robbery or theft [was] irrelevant to the issue of the defendant's guilt." *United States v. Gaddis,* 424 U.S. at 550 n. 15, 96 S.Ct. at 1027. The evidence shows that the Government established sufficient proof to support a finding of guilt of the crime charged.

AFFIRMED.