### UNITED STATES

v.

Robert E. COOK, 291 54 8791, Lance Corporal (E-3), U. S. Marine Corps.

NCM 78 1424.

U. S. Navy Court of Military Review.

Sentence Adjudged 29 June 1978.

Decided 19 April 1979.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before BAUM, MICHEL, and GRANGER, JJ.

GRANGER, Judge:

Appellant was charged with larceny, the specification alleging that he stole certain merchandise from the Marine Corps Exchange. He was also charged, under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, with receiving stolen property, the specification alleging that he concealed some of the items taken in the larceny. He pleaded guilty to the receiving offense but not guilty of larceny. The larce-

ny charge was withdrawn upon acceptance of appellant's guilty plea, and he was found guilty only of receiving stolen property.

The inquiry into the providency of appellant's plea established that appellant and a confederate perpetrated the larceny, each carrying some of the merchandise from the exchange. Thereafter, appellant assisted in the concealment of some of the items the pair had stolen, although at trial he was uncertain whether the items he concealed were items *he* had removed from the exchange, or whether they were items removed by his companion.

■ The military judge immediately recognized the problem: Under military law, an actual thief is not criminally liable for receiving stolen property. Paragraph 213*f* (14), *Manual for Courts-Martial, United States 1969* (Revised edition). "Receiving stolen property" encompasses the receiving, buying, or concealing of any article or thing of value with knowledge that the article or thing has been stolen. *Id.* Therefore, if appellant stole the items he concealed, he could not be criminally liable for concealing stolen property and his plea of guilty would be improvident.

The judge was inclined to reject appellant's plea but was persuaded to accept it by the accused's civilian counsel, who cited *United States v. Bracken*, 558 F.2d 544 (9th Cir. 1977) for the proposition that, while one cannot be *convicted* of both offenses, where only receiving stolen property is charged, the Government need only prove the elements of that offense, and it is of no import if the evidence shows that the receiver was also the actual thief. The defense reasoned that, inasmuch as the accused was pleading guilty only to receiving stolen property, and the larceny charge was to be withdrawn, it was immaterial whether he was also the actual thief, because the Government was free "to go either way" in its prosecution.

■ The military judge accepted the plea. Appellate defense counsel now contends it was error to do so, that the plea was improvident, and that appellant's conviction must be reversed. We agree.

*United States v. Bracken, supra*, and other recent federal cases are not applicable to the military offense of receiving stolen property. That offense is defined by the *Manual for Courts-Martial* and military case law, which have adopted the generally-accepted, common-law rules. *See Aaronson v. United States*, 175 F.2d 41 (4th Cir. 1949); *Annot.* 136 ALR 1087 (1942); 76 C.J.S. *Receiving Stolen Goods* § 14b (1952); 66 Am. Jur.2d *Receiving Stolen Property* §§ 6, 11 (1973). The line of federal cases cited by counsel at trial represents an acknowledged departure from these generally-accepted principles of law, however, and for this reason they are neither controlling nor persuasive as military precedent.

The decision of *Aaronson v. United States, supra*, enunciates the principles of law adopted by the *Manual. See United States v. Ford*, 12 U.S.C.M.A. 3, 30 C.M.R. 3 (1960); DA PAM No. 27–2, *Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition* (1970). *See also United States v. Lell*, 16 U.S.C.M.A. 161, 36 C.M.R. 317 (1966). In *Aaronson*, the defendant was convicted of stealing goods and receiving them, the latter offense in violation of the extant 18 U.S.C. § 101, which proscribed, in part, the possession of goods which had been stolen *by any other person*. The court affirmed conviction of both offenses, holding that the underscored limitation did not mean that the receiver may not have had any association with the thief, and that one who was an accessory before the fact, as Aaronson was, and was therefore guilty of larceny under the principal theory, could also be convicted of receiving the same stolen property. The court concluded that the result it reached "flows from the common law rule that only where one has had a part in the actual caption of stolen goods is it impossible for him to 'receive' them." *Id.* at 43.

■ The same circuit court, relying upon the decision of the Supreme Court in *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), subsequently set aside that part of its decision in *Aaronson* that permitted the conviction and punishment

for both stealing and receiving the same goods. *Milanovich v. United States*, 275 F.2d 716 (4th Cir. 1960), *aff'd*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). In *Milanovich*, the defendant had driven the thieves to a Navy commissary store, and it was planned that she would wait in the automobile while they entered the store and committed larceny. Although Milanovich abandoned the scheme while the thieves were inside, and drove off without them, they later shared the fruits of their larceny with her. She was convicted of the larceny and of receiving part of the stolen property. The circuit court held that she could not be convicted and punished for both offenses. This reversal of the holding in *Aaronson* was predicated upon the statutory construction of 18 U.S.C. § 641, which supplanted 18 U.S.C. § 101.[1] The circuit court and the Supreme Court recognized the generally-accepted principles discussed in *Aaronson*, but found that they were not controlling, concluding that, in enacting 18 U.S.C. § 641, the Congress was trying to reach an entirely new group of wrongdoers, and not to multiply the offenses that could be committed by the thieves themselves. In *Milanovich*, and in those cases that followed it, ". . . the question is one of statutory construction, not of common law distinctions." *Milanovich v. United States, supra* 365 U.S. 551 at 554, 81 S.Ct. 728 at 729, 5 L.Ed.2d 773 at 776 (1961).

The Supreme Court's decision in *Milanovich* led to confusion in the federal courts. As stated in *United States v. Minchew*, 417 F.2d 218, 219 (5th Cir. 1969):

> The Court's opinion in *Milanovich* is less than precise, and allows differing interpretations of the exact holding. One interpretation is that *Milanovich* holds that paragraph two of section 641 is uniformly inapplicable to the person who stole the Government property in question. . .

A second interpretation of *Milanovich*, and we think the correct one, is that a person cannot be convicted and punished for both stealing Government property and for receiving the same property.

The High Court attempted to clarify *Milanovich* in *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), a case in which the defendant was convicted of robbery and receiving the property taken in the robbery. The Supreme Court stated that when a defendant has been indicted on both offenses, the jury should be charged on both but cannot convict on both. In a footnote, however, the Court added this dictum:

> If, on the other hand, the indictment or information charges only a violation of § 2113(c) [receiving and possessing], it is incumbent upon the prosecution at trial to prove beyond a reasonable doubt only the elements of that offense, and the identity of the participant or participants in the robbery or theft is irrelevant to the issue of the defendant's guilt. [424 U.S. at 550, 551, 96 S.Ct. at 1027].

It is the language in the footnote that provides the impetus for the holdings in *United States v. Bracken, supra*, cited by appellant's counsel at trial, and other recent federal cases. *See, e. g. United States v. Trzcinski*, 553 F.2d 851 (3d Cir. 1976).

It would appear from the footnote that the Supreme Court, in its interpretation of federal statutes, has approved the second above-quoted interpretation of *Milanovich*. *See United States v. Trzcinski, supra*. But these Supreme Court and federal decisions construe federal statutes not applicable to the military case before us. The military law is otherwise. We must construe military law and regulations, and not the federal statutes interpreted in the federal cases. No article of the UCMJ specifically makes receiving stolen property an offense. We are governed by the provisions of paragraph 213f(14) of the *Manual for Courts-Martial*, and by military case law. The *Manual* provision is unequivocal. "[A]n actual thief is *not criminally liable* for receiv-

---

1. Although it was not the deciding factor in the *Milanovich* decision, it is noteworthy that the new statute omitted the phrase, "by any other person." *Compare* Act of March 4, 1909, ch. 321, § 48, 35 Stat. 1098, *with* 18 U.S.C. § 641. It is therefore not an element of the Federal offense that the property received was stolen by someone else.

ing the property he has stolen . . . ." *Id.* (Emphasis added). Thus, it is quite clear that the military prohibition against receiving stolen property is uniformly inapplicable to the person who stole the property.

 The elements of the military offense of receiving stolen property confirm this. One of the elements is that the property had been stolen by some person other than the accused. *See United States v. Gluch*, 30 CMR 574 (ABR 1961); *United States v. Finnie*, 18 CMR 700 (AFBR 1954); *United States v. Saunders*, 6 CMR 614 (AFBR 1952); DA PAM No. 27–9 *Military Judges' Guide* (1969), paragraph 4–179. In the instant case, the military judge listed for the accused the elements of the offense, including the element that the property must have been stolen by someone else. The facts elicited during the providency inquiry do not show that the property here in question was stolen by someone other than the accused. It was therefore error to accept appellant's plea of guilty.

The findings of guilty and sentence are set aside. A rehearing may be ordered.

Senior Judge BAUM and Judge MICHEL concur.