UNITED STATES

v.

Robert E. COOK, 291 54 8791, Lance
Corporal (E–3), U.S. Marine Corps.

NCM 78 1424.

U. S. Navy Court of Military Review.

Sentence Adjudged 2 July 1979.

Decided 18 June 1980.

LCDR Stephen C. Baker, JAGC, USN,
Appellate Defense Counsel.

LT Anne L. Mac Arthur, JAGC, USN,
Appellate Government Counsel.

Before BAUM, PRICE and MICHEL, JJ.

BAUM, Senior Judge:

On 29 June 1978, in accordance with the terms of a pretrial agreement with the convening authority, appellant pled guilty to one specification of receiving stolen property in violation of Article 134, UCMJ, 10 U.S.C. § 934. Upon acceptance of the plea by the military judge, the trial counsel, as he stated he was required to do by the plea bargain, caused charges of larceny, unlawful entry and subscribing a false statement under oath to be withdrawn. Appellant was found guilty of the receiving stolen property offense and was sentenced to a bad-conduct discharge, confinement at hard labor for 8 months, forfeiture of $200 pay per month for 8 months, and reduction to pay grade E–1. The convening authority approved the sentence but, as called for by the pretrial agreement, suspended the bad-conduct discharge and as an act of additional clemency suspended the confinement and forfeitures in excess of 5 months. Subsequently, this Court, upon a determination that the guilty pleas were improvident, set aside the findings and sentence and returned the record for a rehearing. Thereafter, the convening authority referred to a rehearing not only the Charge upon which appellant had been convicted but also the offenses which had been withdrawn pursuant to the pretrial agreement. At the second trial appellant was convicted on his plea of guilty to one of those previously withdrawn charges along with other charges that had been uncovered after his initial trial. The remaining charges were withdrawn. Appellant has assigned two errors before this Court. Both assigned errors are rejected.

While not raised by appellant before this Court, the Government in its brief has addressed the question of the propriety of trying appellant on charges and specifications that were withdrawn at the first trial.

The Government concludes that it was proper to retry appellant on all the charges from the first trial. We disagree and, pursuant to our independent responsibility under Article 66, UCMJ to approve only those findings that are correct in law and fact, must set aside the findings of guilty to Charge I and its specification.

Paragraph 56*b, Manual for Courts-Martial 1969 (Rev.)*, provides that:

Normally, less than all of the specifications may not be withdrawn after the trial proceedings have begun except upon a determination of the convening authority that the specifications so withdrawn should be dismissed or for other good cause determined by the convening authority and made a matter of record.

Here the reason for withdrawal, as represented by the trial counsel, was that such action was required by the pretrial agreement. While the plea bargain did not explicitly state that the charges would be withdrawn, or "withdrawn with prejudice" as in *United States v. Shuniak*, No. 79 1188 (N.C.M.R. 11 October 1979), we believe that appellant was protected from retrial on those charges, just as this Court concluded in *Shuniak*. Otherwise, the withdrawal of charges aspect of the plea bargain would have been of no value to the accused. If further prosecution rather than dismissal was contemplated by the convening authority then such an understanding should have been spelled out in the agreement or brought out during trial. We will not read such an understanding into the agreement, particularly when the possibility of retrial on these charges was never shown to be contemplated by the parties. Without such an understanding reflected on the record we must interpret the reason for withdrawal in a light most favorable to appellant. *See United States v. Combest*, No. 79 1397 (N.C.M.R. 26 November 1979); *United States v. Eymer*, 1 M.J. 990 (N.C.M.R.1976).

The findings of guilty to additional Charge I and its specification are set aside. That Charge and specification along with the other charges and specifications withdrawn at trial are dismissed. The remaining findings of guilty are affirmed. The sentence is set aside and the record of trial is returned for a rehearing on the sentence.

Judge PRICE concurs.

MICHEL, Judge (dissenting):

Appellant was tried by general court-martial on 29 June 1978 and, in accordance with his pleas, was found guilty of receiving stolen property in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The military judge sentenced appellant to reduction to pay grade E–1, confinement at hard labor for eight months, forfeiture of $200.00 pay per month for eight months, and a bad-conduct discharge. The general court-martial convening authority approved the findings and sentence but suspended the imposed bad-conduct discharge in accordance with the terms of a pretrial agreement and gratuitously suspended the confinement and forfeitures' which were adjudged in excess of five months. This Court subsequently set aside appellant's conviction and sentence on 19 April 1979. *United States v. Cook*, 7 M.J. 623 (N.C.M.R.1979). That decision also authorized a rehearing in appellant's case; the convening authority chose to exercise his discretion to effect that rehearing.

On 18 April 1979, pursuant to the convening authority's referral order of 9 February 1979, the military judge conducted an initial Article 39(a), UCMJ, 10 U.S.C. § 839(a), session on new charges in another trial of appellant which concluded with the granting of a continuance to accommodate appellant's desire for civilian lawyer representation in his defense against these three new allegations. This trial resumed on 2 July 1979. In the interim between the date of the new first Article 39(a) session and the resumption of trial on 2 July 1979, the convening authority, by special instruction on the appropriate page of the charge sheet dated 5 April 1978, ordered that the rehearing directed by this Court on 18 April 1979 be held in conjunction with the new charges which had been referred to trial on 9 February 1979. Thereafter, the three new allegations were denominated "original charges"

and the allegations referred to trial by the convening authority's initial order of 8 June 1978 were denominated "additional charges."

Appellant's trial concluded on 2 July 1979 with appellant being found guilty, pursuant to his pleas, of three larceny offenses, one of which, listed on the present charge sheet as Additional Charge I and its sole supporting specification, being one of the four substantive offenses alleged against appellant at his first trial. Only one of these, however, served as the basis for appellant's infirm conviction at his first trial, *see United States v. Cook, supra* at 623–24. These two offenses, the gravamen of one being larceny and the gravamen of the other being the alleged receipt of stolen property, were obviously pled in the alternative to provide for contingencies of proof at appellant's first trial. When appellant's pleas of guilty to the offense of receiving stolen property in violation of Article 134, UCMJ, 10 U.S.C. § 934, were accepted by the military judge as having been providently entered, the former offense of larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921, was withdrawn pursuant to the terms of the then operative pretrial agreement. It is this withdrawn larceny allegation [1] which was resurrected by referral on 4 May 1979 as the specification supporting Additional Charge I in the present case and which formed part of the basis for the second sentence adjudged which extended to reduction to pay grade E–1, confinement at hard labor for twelve months, forfeiture of $250.00 pay per month for twelve months, and a bad-conduct discharge.

On 19 September 1979 the convening authority, in accordance with the terms of a pretrial agreement concluded on 29 June 1979, approved the sentence as adjudged, rescinded that portion of the sentence extending to confinement which was deferred effective 3 July 1979, and credited appellant with having served five months confinement at hard labor from his prior sentence. Appellate defense counsel now proffers the following interrelated assignments of error:

## I

IT WAS ERROR FOR THE CONVENING AUTHORITY TO APPROVE A SENTENCE GREATER THAN THE SENTENCE AS APPROVED IN THE FIRST TRIAL OF THESE SAME MATTERS WHERE THE FINDINGS AND SENTENCE OF THE ORIGINAL TRIAL HAD BEEN SET ASIDE AND A REHEARING HELD BECAUSE THE REDUCTIVE ACTION OF THE CONVENING AUTHORITY ON THE ORIGINAL SENTENCE FIXED THE LIMITS OF THE SENTENCE IN ALL SUBSEQUENT PROCEEDINGS.

## II

IT WAS ERROR FOR THE MILITARY JUDGE TO PERMIT THE ACCUSED

---

1. Although not assigned as error we are invited by appellate *government* counsel to examine the propriety of appellant having been tried on charges and specifications which were withdrawn during his first trial. Neither the pretrial agreement nor the military judge's inquiry into the providency of appellant's guilty plea at that trial reflect whether such withdrawal was with or without prejudice to the government. However, while one might agree with the analysis of the military judge who presided over appellant's second trial that the fair import which the parties attached to the agreement and their correlative understanding was that withdrawal was predicated upon a provident plea of guilty by appellant and, as that plea was not provident, the prior withdrawal did not bar retrial of these allegations, *cf. United States v. Shuniak*, No. 79 1188 (N.C.M.R. 11 October 1979), we need not concern ourselves with the withdrawal with prejudice-withdrawal without prejudice dichotomy. Suffice it to say that this apparent legalistic phenomenon is wholly unknown to military law except for those who play fast and loose with it in various trial forums. In any event, here the withdrawal was for good cause shown, paragraph 56b, MCM, for reasons amply documented in the record, *United States v. Hardy*, 4 M.J. 20 (C.M.A.1977), and duly authorized by the convening authority. In essence, then, the nameless withdrawal was merely a neutral act which did not foreclose retrial of the withdrawn offense subsequent to this Court's former action. *See, e. g., Des Marrias v. United States*, 487 F.2d 19 (8th Cir. 1974); *United States v. Chase*, 372 F.2d 453 (4th Cir. 1967); *Spriggs v. United States*, 225 F.2d 865 (9th Cir. 1955). *See also* Fed.R.Crim.P. 48(a).

TO BE TRIED AT THE REHEARING ON CHARGES OTHER THAN THOSE LABELED ADDITIONAL CHARGES, WHICH CHARGES WERE IN FACT THE CHARGES FACED BY THE APPELLANT AT THE ORIGINAL TRIAL, INASMUCH AS AFTER ARRAIGNMENT OF AN ACCUSED ON CERTAIN CHARGES, FURTHER CHARGES CANNOT BE INTRODUCED AT THE SAME TRIAL.

I perceive that appellant's simple complaint here is that he should not have been tried on the allegations for which a rehearing was authorized in conjunction with those new allegations which were preferred and referred subsequent to his original trial; but, in the event that such a trial was permissible, appellant's second sentence should have been limited, quantitatively, to that sentence ultimately mitigated by the convening authority after appellant's first trial. In this I believe appellant is doubly mistaken.

Paragraph 92a, *Manual for Courts-Martial 1969 (Rev.)* (MCM), provides in pertinent part that: "Additional charges (24b) may be referred to trial *together with charges as to which a rehearing has been directed.*" (Emphasis added). Paragraph 24b of the *Manual* makes clear that allegations unknown at the time of or committed after the original preferral of charges do not require a separate trial if incorporated in the trial of the original allegations prior to arraignment.[2] This is essentially what transpired here. The new allegations, that is, the "original charges," were preferred on 12 October 1978, investigated pursuant to Article 32, UCMJ, 10 U.S.C. § 832, on 3 November 1978 and referred to trial by general court-martial on 3 February 1979. On 18 April 1979 trial began, but appellant was not arraigned. The following day, this Court set aside appellant's first conviction and sentence. On 2 July 1979 appellant

was arraigned, tried, convicted, and sentenced for offenses alleged at both his first and second trials. While it might have been preferable for the convening authority to have withdrawn the later-charged offenses and consolidated them as "additional" charges with the offenses initially preferred and referred against appellant, the fact that these later-charged offenses were denominated the "original" charge and the originally preferred and referred offenses denominated "additional" charges is of no moment.

The effect of ordering a rehearing, whether such is at the instigation of the convening authority, supervisory authority, or appellate tribunal, see paragraph 92, MCM, is to place the United States and the accused in the same position as they were at the beginning of the original trial. *United States v. Staten*, 21 U.S.C.M.A. 493, 45 C.M.R. 267 (1972); *United States v. Cox*, 12 U.S.C.M.A. 168, 30 C.M.R. 168 (1961); *United States v. Yelverton*, 40 C.M.R. 655 (A.B.R.1968); *United States v. Kincaid*, 17 C.M.R. 523 (N.B.R.1954). *See also United States v. Oldham*, 9 M.J. 698, (N.C.M.R. 23 May 1980). At that point in this case appellant faced trial on one allegation of larceny and one allegation of receiving stolen property. Both of these offenses ostensibly occurred at the same time and place. According to the executed pretrial agreement, appellant agreed to plead guilty to the latter and not guilty to the former. The convening authority undoubtedly agreed to this plea proposal by the accused in order to remedy the contingency of proof problem and expedite the trial. Thus part of the *quid pro quo* for the consummation of the agreement was the convening authority's decision to grant prospective charge relief in the nature of a withdrawal in return for appellant's plea of guilty to the less serious offense. *See* paragraph 127c, MCM. When appellant's plea

---

**2.** It is clear by reference to a chronology of events that the "original charges" delineated, *supra*, were in fact, unknown at the time that the "additional charges," *supra*, were preferred. Even assuming, *arguendo*, that these "original charges" were in fact known at the time that the "additional charges" were first tried, it is not mandatory that all known offenses be tried at the same time. *See* paragraph 30g, MCM; *United States v. Gettz*, No. 73 2256 (N.C.M.R. 29 March 1974) (unpublished opinion).

of guilty to the receiving stolen property offense was deemed improvident, the parties were returned by operation of law to the positions which they occupied prior to the execution of the agreement. *See* note 1, *supra*. In such a situation the sentence, however, as ultimately mitigated and approved by appropriate authority, would be limited only if an appellant is tried anew only for the offense for which a rehearing had been ordered. *See* Article 63(b), UCMJ, 10 U.S.C. § 863(b). In this case, had appellant been tried and convicted at a rehearing only for the offense of concealing stolen property, his sentence would have extended, at a maximum, to that approved by the convening authority and as further mitigated by appellate court action. Here, however, appellant was tried anew, not on the concealing stolen property offense for which the rehearing was ordered, but upon the larceny charge which was withdrawn subsequent to receipt of appellant's guilty plea. The law is consistent that in such cases prejudice does not flow from the imposition of a more severe sentence. *Cf. Stroud v. United States*, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919). Appellant has pointed to neither a violation of statutory mandate nor to dispositive appellate case law rule in an effort to show how, if at all, he was prejudiced by the procedure herein utilized by the convening authority to dispose of all allegations against appellant, known at the time of the rehearing, at a single trial. *See* paragraph 33*h*, MCM. In the absence of such authority I decline to find error.

Similarly, I do not agree that appellant's second sentence was imposed unlawfully. Article 63(b), UCMJ, 10 U.S.C. § 863(b), provides that:

Each rehearing shall take place before a court-martial composed of members not members of the court-martial which first heard the case. Upon a rehearing the accused may not be tried for any offense of which he was found not guilty by the first court-martial, and no sentence in excess of or more severe than the original sentence may be imposed, *unless the sentence is based upon a finding of guilty of an offense not considered upon the merits in the original proceedings*, or unless the sentence prescribed for the offense is mandatory.

(Emphasis added). This provision is supplemented with that portion of paragraph 81*d* (1), MCM, which provides that:

When a rehearing is combined with a trial on additional charges (92), the maximum sentence is computed by *combining* the maximum punishments as determined above, for the reheard offenses [not in excess of or more severe than the sentence of the previous trial as ultimately mitigated and approved by the convening authority in his action] with the maximum for the additional offenses of which the accused is found guilty, subject to the applicable provisions of 126 and 127.

(Emphasis added). Upon the rehearing, the maximum punishment imposable for appellant's offense which was tried originally included confinement at hard labor for eight months. The maximum punishment imposable for the two multiplicious larceny offenses of which appellant was convicted at his second trial was reduction to pay grade E–1, confinement at hard labor for five years, total forfeiture of pay and allowances, and a dishonorable discharge. The sentence adjudged and approved for appellant and his crimes is thus well within the prescribed lawful limit.[3]

Accordingly, I would affirm the findings and sentence as approved below.[4]

---

**3.** *United States v. Dean*, 7 U.S.C.M.A. 721, 724, 23 C.M.R. 185, 188 (1957); *United States v. King*, 5 U.S.C.M.A. 3, 8, 17 C.M.R. 3, 8 (1954); and *United States v. Mack*, 40 C.M.R. 700, 705 (ACMR 1969), cited by appellate defense counsel, while in consonance with Article 63(b), UCMJ, 10 U.S.C. § 863(b), and paragraph 81*d* (1), MCM, are nonetheless sufficiently distinguishable from the present case so as to lend

no support to appellant's argument and position.

**4.** I feel compelled to register my strongest disagreement with the tack taken by the majority herein which hinges its rationale for reversal of appellants' conviction and sentence upon an ostensibly novel issue raised by appellate *government* counsel.