**UNITED STATES, Appellee,**

v.

**Private First Class Michael A. TRAYLOR, SSN 381–72–4155, United States Army, Appellant.**

**CM 439984.**

U. S. Army Court of Military Review.

13 July 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, and Captain Chuck R. Pardue, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Robert B. Williams, JAGC, and Captain Peter M. Donawick, JAGC, were on the pleadings for appellee.

Before RECTOR, CARNE and O'DONNELL, Appellate Military Judges.

OPINION OF THE COURT

O'DONNELL, Judge:

Pursuant to his pleas, the appellant was convicted of robbery and receiving stolen property in violation of Articles 122 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 922 and 934. He was sentenced to confinement at hard labor for six months, forfeiture of $250.00 pay per month for six months, and reduction to the grade of Private E–1.[1] This case has been referred to the Court by The Judge Advocate

---

1. In his action, the convening authority approved the sentence and ordered it into execution. He also directed that the forfeitures apply to "pay and allowances becoming due on and after the date of [the] action." The reference to application of forfeitures is erroneous. Forfeitures are applied only when the sentence may not be ordered into execution. *See* Articles 57(a), (c) and 71, Uniform Code of Military Justice, 10 U.S.C. §§ 857(a), (c) and 871. If the sentence is ordered executed by the convening authority, the effective date of the forfeitures is the date of the action. Article 57(c), *supra*. There is then no need for an application of forfeitures which is no more than a bookkeeping entry to withhold the funds and assure collection when the sentence is ordered into execution. *See United States v. Smith*, 3 U.S. C.M.A. 336, 340, 12 C.M.R. 92, 96 (1953). As the convening authority properly ordered the sentence into execution (Article 71(c), *supra* ), the reference to application of forfeitures is

General pursuant to Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869, for review by the Court pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866.

On appeal, the appellant asserts that his plea of guilty to unlawfully receiving stolen property (Charge II and its specification) was improperly accepted by the military judge because he could not be held criminally liable for receiving the property he was found to have stolen.

The facts, as stipulated to, are that on the evening of 3 April 1980, the victim was followed out of a bar by the appellant and two other soldiers. Upon approaching the victim in the parking lot, one of the three suggested that they rob him. The appellant and one of the other soldiers started shoving the victim while the third soldier grabbed the victim's coat, took his passport and wallet, and then threw him to the ground. The three then ran several blocks and split the money. The appellant specifically intended to aid in the commission of the robbery and pleaded guilty upon the theory of aiding and abetting.

The military follows the common law rule that a thief cannot be a receiver of the goods he has stolen. *United States v. Ford*, 12 U.S.C.M.A. 3, 30 C.M.R. 3 (1960). *See Aaronson v. United States*, 175 F.2d 41 (4th Cir. 1949). The ramifications of the rule depend on the legal status of the thief. A person may be guilty of larceny as the actual thief or as a statutory principal.[2] If a person is an accessory before the fact, i. e., one who counsels, commands or procures,

he may as an exception to the rule be convicted of receiving stolen property even though he is also guilty of the larceny. *Aaronson, supra*. However, one who is present at the scene and who aids and abets in the commission of the theft by assisting in the taking and carrying away falls within the general rule and may not be convicted of receiving the stolen property. *See* 2 Wharton's Criminal Law and Procedure (1957 ed.) § 576; Annot. 136 A.L.R. 1087, 1094 (1942).[3]

As the appellant in this case was present at the scene and was acting jointly in the taking and carrying away of the fruits of the robbery, he occupied the position of the "actual thief" and as such cannot be guilty of receiving that stolen property.[4] *See United States v. Cook*, 7 M.J. 623 (N.C.M.R. 1979). *Cf., United States v. Henderson*, 9 M.J. 845 (A.C.M.R.1980).

The findings of guilty of Charge II and its specification are set aside and those charges are dismissed. The remaining findings of guilty are affirmed. In view of the nature of the remaining charges and the relative leniency of the punishment imposed, the sentence is affirmed. However, the forfeitures, which relate only to pay, became effective on the date of the convening authority's action.

Chief Judge RECTOR and Senior Judge CARNE concur.

meaningless. The reference is incorrect for another reason—the forfeitures relate to pay only and not to allowances.

2. Article 77 of the Uniform Code of Military Justice, 10 U.S.C. § 877 provides: "Any person punishable under this chapter who ... commits an offense punishable by this chapter, or aids, abets, counsels, commands or procures its commission; or ... causes an act to be done which if directly performed by him would be punishable by this chapter; is a principal."

3. There is a split of authority whether one who is present at the scene and aids and abets in the commission of the larceny but takes no part in

the caption or asportation may be convicted of receiving the stolen property. *See Aaronson v. United States*, 175 F.2d 41, 43 n.3 (4th Cir. 1949); Annot. 136 A.L.R. 1087, 1101 (1942).

4. The Manual for Courts-Martial, United States, 1969 (Revised edition), provides at paragraph 213*f*(14): "While an actual thief is not criminally liable for receiving the property he has stolen, one who may be criminally responsible as a principal to the larceny, when not the actual thief ..., can be convicted of knowingly receiving the stolen property under Article 134 [of the Code]."