**UNITED STATES, Appellee,**

v.

**Private (E–1) Jerrold T. FOUSHEE, SSN 195–42–6102, United States Army, Appellant.**

**CM 440958.**

U. S. Army Court of Military Review.

28 May 1982.

834

Captain Marcus C. McCarty, JAGC, argued the cause for the appellant. With him on the brief were Major Raymond C. Ruppert, JAGC, and Major Joyce E. Plaut, JAGC.

Captain Richard J. Fadgen, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Major John T. Meixell, JAGC.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was charged with assault with intent to commit murder and with being an accessory after the fact to assault with intent to commit murder in violation of Articles 134 and 78 of the Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 878. After both sides rested, the trial judge required the prosecution to elect between the two charges, whereupon the trial counsel chose to proceed with the accessory offense.[1] The appellant was convicted of that

---

1. That specification alleged pertinently that the appellant knowing that Private First Class Ter-

ence Taylor had committed an assault with intent to commit murder did "in order to hinder

offense. His sentence as approved by the convening authority extends to bad-conduct discharge, confinement at hard labor for one year and partial forfeitures.

The charges in this case arose from an altercation between three soldiers—the appellant, Private First Class Henderson Wilson, and Private First Class Terence Taylor—and Klaus Deppe, a German national. Taylor was convicted of aggravated assault (intentionally inflicting grievous bodily harm with a knife).[2] Wilson was convicted of an aggravated assault on Deppe by kicking him. He was acquitted of stabbing him with a knife.

The appellant raises several assignments of error which require discussion.

## I. ACCESSORY AFTER THE FACT.

■ The appellant contends that the evidence is insufficient to support his conviction as an accessory after the fact to assault with intent to commit murder. To be guilty of this offense, the appellant must have known that Taylor committed the offense of assault with intent to commit murder and must have assisted him for the purpose of hindering or preventing his apprehension, trial or punishment.[3] The evidence in this case shows that the appellant assisted Taylor in order to hinder or prevent his apprehension, trial and punishment, but it does not establish that the appellant

knew that Taylor had intended to kill Deppe or even to inflict grievous bodily harm on him. At best, the evidence shows only that the appellant knew that Taylor had stabbed Deppe with the knife.[4] Accordingly, the appellant may be convicted of being an accessory after the fact only to assault with a dangerous weapon.

■ One problem remains. The appellant's participation in the altercation raises the question whether he may legally be found guilty at all of being an accessory after the fact. A person may not be found guilty of that offense if he was the perpetrator of the substantive offense, either as the principal actor or as an aider and abettor, because he cannot be an accessory after the fact to his own offense. *United States v. McCrea*, 50 C.M.R. 194 (A.F.C.M.R.), *pet. denied*, 23 U.S.C.M.A. 658, 50 C.M.R. 904 (1975); LaFave and Scott, *Criminal Law*, § 66, p. 523 (1972).[5]

■ However, a person may be an aider and abettor to a lesser degree than the principal if he did not share the required criminal intent or purpose of the active perpetrator. *United States v. Jackson*, 6 U.S.C.M.A. 193, 19 C.M.R. 319 (1955); paragraph 156, Manual for Courts-Martial, United States, 1969 (Revised edition). In that event, there is no legal reason why he could

and prevent the apprehension or trial of the said Terence Taylor, receive, comfort, and assist the said Terence Taylor by concealing him in his barracks room and by providing him Q-Tips and alcohol to clean the blood off the knife used in the said assault and to rub on his foot injured during or running from the place of the assault."

2. Taylor was initially charged with assault with intent to commit murder and violation of a regulation by possessing a switchblade knife. He pleaded guilty to aggravated assault in accordance with an agreement with the convening authority. The military judge dismissed the regulatory offense.

3. Article 78 of the Code provides specifically that an accessory after the fact is one "who, knowing that an offense punishable by [the Code] has been committed, receives, comforts, or assists the offender in order to hinder or prevent his apprehension, trial, or punishment...." The appellant's guilt of being an

accessory after the fact to assault with intent to commit murder is not precluded by Taylor's conviction of the lesser offense of aggravated assault. It is the evidence that is introduced in this trial that governs, not the results of the previous trial. *See United States v. Marsh*, 13 U.S.C.M.A. 252, 32 C.M.R. 252 (1962); *United States v. Wilson*, 7 M.J. 997 (A.C.M.R.1979).

4. The appellant did not know that Taylor had stabbed Deppe until Taylor so informed him as they were fleeing the scene.

5. On the other hand, a person may be guilty of the principal offense as an accessory before the fact, *i.e.*, by counseling commanding or procuring, and still be guilty of being an accessory after the fact to the same offense. *See*, LaFave and Scott, *Criminal Law*, § 66, p. 523 (1972). *Cf. United States v. Traylor*, 11 M.J. 840 (A.C. M.R.1980).

not be an accessory after the fact to the greater offense as well as being individually guilty as an aider and abettor to the lesser offense.

■ In the instant case, the appellant was an aider and abettor because of his participation in the affray.[6] As noted, however, he did not know at the time of the fight that Taylor had stabbed Deppe. The evidence shows only that the appellant was assisting Taylor in a fist fight. Thus, his culpability as an aider and abettor extends only to assault and battery. Accordingly, he may legally be guilty as an accessory after the fact to assault with a dangerous weapon.

## II. ACCOMPLICE TESTIMONY.

The appellant next contends that the military judge erred to his prejudice by refusing upon request to instruct on accomplice testimony. The judge initially determined that Taylor, who testified for the Government, was an accomplice and stated that he would instruct the court members accordingly. However, after the Government elected to proceed on the accessory charge, the judge ruled that Taylor was not an accomplice to that charge and refused to instruct on accomplice testimony.

The Manual for Courts-Martial provides at paragraph 74a(2) that a conviction cannot be based solely upon the uncorroborated testimony of an accomplice "if the testimony is self-contradictory, uncertain or improbable" and that even if corroborated and apparently credible, adverse testimony of an accomplice "is of questionable integrity and is to be considered with great caution." The Manual also provides that in an appropriate case, the military judge should upon request instruct the court on the effect of accomplice testimony. *Id.*

■ The general rule is that an accomplice is one who could have been charged with the same offense for which the accused on trial is charged. *See United States v. Nolte*, 440 F.2d 1124 (5th Cir.), cert. denied, 404 U.S. 862, 92 S.Ct. 49, 30 L.Ed.2d 106 (1971). There is a dearth of cases involving an accessory after the fact. Cases relating to larceny and receiving stolen property, of which there is a plethora, provide a good basis for comparison, however, as the receiver of stolen property is in many ways analogous to an accessory after the fact. Most civilian jurisdictions follow the general rule and hold that a thief and the receiver are not accomplices. The thief generally cannot be tried for receiving stolen property. *United States v. Traylor*, 11 M.J. 840 (A.C.M.R.1981). But even in those jurisdictions that follow the general rule, if the parties previously agreed to a plan whereby one was to steal and the other to receive, they are held to be accomplices. *See Stephenson v. United States*, 211 F.2d 702 (9th Cir. 1954); Annot. 53 A.L.R.2d 817 (1957); 74 A.L.R.3d 560 (1976).

The Court of Military Appeals has recognized the general rule but has adopted a broader approach. Thus, in *United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963), the Court held that a person may be an accomplice even though he may not be charged with the same offense as the accused so long as he was culpably involved in that offense. *See United States v. Young*, 11 M.J. 634 (A.F.C.M.R.1981).[7]

■ Under the general rule, Taylor would not be an accomplice in the accessory offense as he could not be charged as an accessory to his own crime. Moreover,

---

**6.** The appellant was originally charged with the substantive offense of assault with intent to kill as an aider and abettor to Taylor who was the active participant in that offense. The specification provided pertinently that the appellant did "with intent to commit murder commit an assault upon Klaus Deppe by repeatedly stabbing him with a knife and by unlawfully striking him on the body with a belt and buckle and with his feet." The only act alleged that was committed by the appellant was striking the

victim with a belt and buckle. The stabbing was done by Taylor and the kicking by Wilson.

**7.** The "accomplices" in *Scoles* were German nationals who purchased stolen property from the accused. Judge Kilday concurred separately on the basis that the evidence showed a previous plan among the parties whereby Scoles would sell and the Germans would buy. The majority did not address that point.

there was no preexisting plan whereby the appellant would assist Taylor in avoiding apprehension. However, under the peculiar facts of this case, the two offenses are more intimately related than they would be, for example, if the appellant was not present at the scene of the assault. As previously noted, Taylor and the appellant were accomplices in the assault. With respect to the accessory offense, Taylor was an accomplice at least to that aspect of the offense which related to the assault. Under the circumstances, we believe that the judge should have given the accomplice instruction.[8]

■ Having so determined, we must decide whether the appellant was prejudiced thereby. Initially, we note that there is no requirement of corroboration as Taylor's testimony was not self-contradictory, uncertain or improbable. In any event, his testimony was corroborated in part by Deppe's testimony and by the appellant's testimony and confession. Accordingly, the only instruction required was the general instruction that Taylor's testimony was of questionable integrity and should be considered with great care and caution. *See Manual, supra,* at paragraph 74a(2). However, in view of the compelling evidence of guilt, we hold that the failure to give that instruction did not prejudice the appellant. *United States v. Allums,* 5 U.S.C.M.A. 435, 18 C.M.R. 59 (1955).

### III. CHARACTER EVIDENCE.

Finally, the appellant contends that the judge improperly denied his request to call three witnesses who would testify as to his good character for truth and veracity.

■ The basic rule governing the admissibility of character evidence to establish conduct is set forth in Military Rules of Evidence 404(a):

Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the

person acted in conformity therewith on a particular occasion, except:

(1) *Character of the accused.*

Evidence of a pertinent trait of the character of the accused offered by an accused, or by the prosecution to rebut the same; . . . .

This rule permits evidence of a person's trait of character to be considered as evidence that he acted in consonance with it if that trait is in issue in the case. Thus, evidence that an accused had a peaceable character is admissible if he is being tried for a crime involving an assault. But evidence of an accused's veracity is not pertinent to the crime of being an accessory after the fact to an assault. The evidence, therefore, was not admissible under Rule 404.

■ The appellant also contends that the evidence was admissible under Military Rule of Evidence 608, which provides pertinently:

The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

The appellant contends that evidence of truthfulness was admissible in this case because the Government had attacked his credibility during cross-examination and by introducing other evidence contradicting his testimony. We disagree.

The prosecutor in cross-examining the appellant focused mainly on the discrepancy in testimony concerning the extent of the appellant's aid to Taylor. Taylor testified that the appellant provided him with Q-Tips and medicinal alcohol to clean the blood off the knife and to treat his injured ankle.

8. *Cf. State v. Pray,* 64 Nev. 179, 179 P.2d 449 (1947), where in a subornation of perjury case the court held that the perjurer is an accomplice to that aspect of the subornation offense which includes the element of perjury.

The appellant testified that he provided these items solely to treat his friend's ankle. This cross-examination concerning the appellant's actions did not rise to the level of an attack on his credibility within the meaning of Rule 608. Likewise, the fact that the appellant's version of the events differed somewhat from that of Taylor's did not constitute an attack on his truthfulness. *See United States v. Jackson,* 588 F.2d 1046, 1055 (5th Cir.), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979). Accordingly, the military judge acted properly in excluding the proffered testimony.

We have considered the remaining assignments of error and have decided them adversely to the appellant.

Only so much of the findings of guilty is affirmed as finds that the appellant, knowing that Private First Class Terence Taylor had committed an offense punishable by the Uniform Code of Military Justice, to wit: assault with a means likely to produce grievous bodily harm, to wit, a knife, did, at the time and place alleged, in order to hinder and prevent the apprehension or trial of Private First Class Taylor, receive, comfort and assist him by concealing him in his barracks room and by providing him with Q-Tips and alcohol to clean the blood off the knife used in the assault and to rub on his foot injured during, or running from the place of, the assault, in violation of Article 78, Uniform Code of Military Justice. Reassessing the sentence on the basis of our action herein and the entire record, we affirm only so much of the sentence as provides for bad-conduct discharge, confinement at hard labor for nine months, and forfeiture of $200.00 pay per month for nine months.

Senior Judge CARNE and Judge FOREMAN concur.