### UNITED STATES

v.

**Staff Sergeant Enrique R. CANTU, FR 467–88–9685 United States Air Force.**

### ACM 23589.

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 April 1982.

Decided 26 Nov. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lt. Colonel Kenneth A. Pels, USAFR.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

In an excellent brief, appellate defense counsel assign several errors for our consideration. We affirm.[1]

### I

■ The accused argues that he was denied due process by a 564 day delay between the first possible date of the earliest offense charged and the date of trial. We are satisfied, based on the materials set forth in the record, that the accused was not deprived of his due process rights.[2]

1. The accused was convicted by a general court-martial of wrongful disposition of government property, larceny, and unlawful entry, in violation of Articles 108, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 921, 934. He was sentenced to a bad conduct discharge, confinement at hard labor for six months, and reduction to airman basic.

2. There was no pretrial confinement in this case and no request for a speedy trial. The

*United States v. Rachels,* 6 M.J. 232 (C.M.A. 1979) (over 24 months' delay between committing last offense and date of trial); *United States v. Nelson,* 5 M.J. 189, 191 (C.M.A.1978) (205 day delay); *United States v. Brown,* 13 U.S.C.M.A. 14, 32 C.M.R. 14 (1962); *United States v. Sirles,* 9 M.J. 773, 775–776 (A.F.C.M.R.1980). *See generally,* Department of the Army Pamphlet 27–173, Military Justice-Trial Procedures (April 1978), paragraph 13–9.

Recent opinions of the United States Supreme Court make it clear, in our judgment, that delays such as that in the instant case do not necessarily prejudice the rights of an accused. *See, United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) (17 month delay—defendant claimed error because two witnesses had died); *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (three year time period between end of criminal scheme charged and an indictment thereunder).

■ The proper balancing test to be utilized was set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (16 continuous delays, initial trial date of September 1958 with court convening in October 1963). The Court held that an accused's right to speedy trial can be determined only on an *ad hoc* basis in which the conduct of both the prosecution and defendant are weighed and balanced. Among factors which should be assessed in determining whether an accused has been deprived of his right are: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of his right to a speedy trial; and (4) prejudice to the accused. These factors, the Court cautioned, have no talismanic qualities; judges still must engage in a difficult and sensitive balancing process. *Barker v. Wingo, supra,* at 532–533, 92 S.Ct. at 2193. *See also, United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).

Weighing these factors in accord with Supreme Court guidance, we find no prejudice to the substantial rights of the accused, particularly since he was not in pretrial confinement and he did not assert his right to a speedy trial. Nothing in recent decisions of the Court of Military Appeals is to the contrary. *United States v. McGraner,* 13 M.J. 408, 413–414 (C.M.A.1982); *see also, United States v. Rowsey,* 14 M.J. 151 (C.M.A.1982).

## II

■ The accused also asserts that the convening authority erred by considering the accused's sworn statement when referring the matter to general court-martial, despite the fact that such statement was specifically *not* considered by the Article 32 investigating officer. We find no error.

In *United States v. Greenwalt,* 6 U.S.C.M.A. 569, 20 C.M.R. 285, 288 (1955), the Court of Military Appeals clarified that a staff judge advocate's pretrial advice must not be incomplete, ill-considered, or misleading. *See also, United States v. Martinez,* 1 M.J. 280 (C.M.A.1976). In this case, we believe the other available evidence was sufficient to warrant referral for trial, independent of the disputed statement. *United States v. Hill,* 22 U.S.C.M.A. 419, 47 C.M.R. 397, 400 (1973); *see also, United States v. Dunn,* 44 C.M.R. 929, 936 (A.F.C.M.R.1972);

following dates are relevant to the issue of delay:

| | |
|---|---|
| October–December 1980 | Offenses occur at Bergstrom Air Force Base, Texas |
| December 1980 | Accused's permanent change of station to Clear Air Force Station, Alaska |
| May 1981 | Missing items surface; accused first suspected by investigators after Staff Sergeant G implicates the accused |
| June 1981 | Staff Sergeant R implicates the accused |
| July 1981 | First investigation completed |
| August 1981 | Accused interviewed; makes a statement |
| December 1981 | Accused returned to Bergstrom AFB, Texas |
| February 1982 | Charges preferred |
| March 1982 | Charges referred for trial |
| April 1982 | Trial held |

At trial, the military judge found that the investigation "could have been handled in a more expeditious manner. Nevertheless, having found that there has been no substantial prejudice to the rights of the accused, the defense motion to dismiss is hereby denied."

*United States v. Skaggs,* 40 C.M.R. 344, 346 (A.C.M.R.1968). Moreover, we have read the Article 32 pretrial advice with great care and are unable to envision a different action by the convening authority as to referral under any circumstances. *United States v. Dunn, supra.*

### III

 The accused was convicted as a thief; he argues that he was improperly convicted of the additional offense of wrongful disposition of government property after he gave the stolen property to another co-actor a few weeks later. The accused premises this argument on *United States v. Traylor,* 11 M.J. 840 (A.C.M.R. 1981), which stands for the proposition that a thief cannot be the receiver of goods which he himself has stolen. We refuse to so extend *Traylor;* to the contrary, we believe that convictions are permissible for both larceny and wrongful disposition of property. Furthermore, on the facts of the instant case, we do not consider these offenses multiplicious for charging. *United States v. Reynolds,* 46 C.M.R. 731 (A.C.M.R. 1972); *United States v. Tarplin,* 44 C.M.R. 387, 388 (A.C.M.R.1971); *see also, United States v. Murphy,* 13 U.S.C.M.A. 571, 40 C.M.R. 283 (1969).

### IV

 The accused argues that the military judge erred when he denied the defense challenge for cause against Lieutenant Colonel D, a member who had expressed a predisposition to impose a punitive discharge. We disagree. Mere predisposition to adjudge some punishment is insufficient to disqualify a potential court member. It is not merely the disposition of that member but an inelastic attitude which is a predicate required for a sustainable challenge for cause. The test is whether the member will yield to the evidence and to the instructions of the military judge. *United States v. Tippit,* 9 M.J. 106, 107 (C.M.A.1980); *United States v. McGowan,* 7 M.J. 205 (C.M.A.1979). Here, we find no such error based on the record before us.

This is especially true because Lieutenant Colonel D, responding to further questioning by the military judge, clarified that he did not feel the accused *must* be punitively discharged.

### V

 The accused also argues that the evidence is insufficient, as a matter of law, to sustain a conviction of unlawful entry by the accused, an on-duty security policeman. It is the defense contention that the accused may have had authority to enter the building in question at the time of the offense. Upon a fair reading of the record, we are convinced that the accused had no such authority to enter the building.

### VI

The remaining error is resolved adversely to the accused. The approved findings of guilty and the sentence are

AFFIRMED.

RAICHLE and SNYDER, Judges, concur.