HAIGHT, Judge,
concurring in part and dissenting in part:
I concur with the majority’s resolution of the claim of ineffective assistance of counsel. I also agree with the majority that there is a legally viable exception to the general legal principle that a principal cannot be an accessory after the fact to his own offense. However, I disagree with the majority, that we should apply that particular exception to the facts and circumstances of this case. Accordingly, I would dismiss the accessory after the fact offense as an unreasonable multiplication of charges or as factually insufficient.
Appellant aided and abetted his co-actor in the shooting of a firearm into a vehicle with three occupants. After that intentional aggravated assault with a loaded firearm, appellant then was an accessory after the fact by, among other activities, assisting the shooter in hiding “the weapon and creating a false story of the events to mislead an investigation by local authorities.” For this criminal behavior, the government charged appellant with a perplexing combination of offenses. Among other charged - offenses, appellant was charged as a principal with three counts of attempted premeditated murder and three separate counts of the lesser included offense of aggravated assault by shooting at his victims with a loaded firearm. Appellant was also charged with accessory after the fact to attempted premeditated murder for his aforementioned efforts to “cover up the shooting.”
All three of the aggravated assaults were lesser included offenses of the greater three attempts of premeditated murder and should not have been separately charged. See Rule for Courts-Martial 307(c)(4) discussion (“In no case should both an offense and a lesser included offense thereof be separately charged”); United States v. Nealy, 71 M.J. 73, 76 (C.A.A.F.2012) (“[W]hen a convening authority refers a charge to a court-martial, any [lesser included offenses] of that charge are referred with it, and need not be separately charged and referred.”) (citations omitted); see also generally United States v. Dacus, 66 M.J. 235 (C.A.A.F.2008); United States v. Grijalva, 55 M.J. 223 (C.A.A.F.2001); United States v. Weymouth, 43 M.J. 329 (C.A.A.F.1995). I wholly reject any notion that the government charged these offenses in the alternative or due to “exigencies of proof.” Any such presumption is completely undercut by trial counsel’s concluding remark of his opening statement, “The government is confident that after hearing all of the evidence in this case, you will find the *540 accused guilty, first 'and foremost, of attempted premeditated murder and then you will also find the accused guilty of the remaining charges and specifications.” It is plain that from preferral of charges to trial, the government fully intended to impermissi-bly convict appellant not only of separately charged lesser included offenses but also as an accessory after the fact to his own charged crime of attempted premeditated murder. This overreaching should not be condoned.
“A person may not be found guilty of that [accessory after the fact] offense if he was the perpetrator of the substantive offense, either as the principal actor or as an aider and abettor, because he cannot be an accessory after the fact to his own offense.” United States v. Foushee, 13 M.J. 833, 835 (A.C.M.R.1982) (citing LaFave and Scott, Criminal Law, § 66, p. 523 (1972); United States v. Traylor, 11 M.J. 840 (A.C.M.R.1981)). After acknowledging this general rule, our predecessor court continued that if an aider and abettor had a lesser criminal intent or purpose than the active perpetrator, then “[i]n that event, there is no legal reason why he could not be an accessory after the fact to the greater offense as well as being individually guilty as an aider and abettor to the lesser offense.” 13 M.J. at 835-6. I do not disagree but do find the facts of Foushee provide enlightening context to this dicta.
In that case, the accused was charged with both assault with intent to commit murder and accessory after the fact to assault with intent to commit murder. “After both sides rested, the trial judge required the prosecution to elect between the two charges, whereupon the trial counsel chose to proceed with the accessory offense.” Id. at 834-35. The evidence revealed that Private (PV1) Foush-ee assisted his co-actor in a fist fight and his culpability as an aider and abettor consequently extended only to an assault and battery. Id. at 836. During the affray, PV1 Foushee’s co-actor increased the level of violence and, unbeknownst to PV1 Foushee, stabbed their victim with a knife. Id. Thereafter,' upon learning of the stabbing, PV1 Foushee was an accessory after the fact to his co-actor’s greater crime by, among other things, helping clean blood off the knife. Id. The facts in Foushee are vastly different than in the current case.
Here, appellant aided and abetted the discharge of á firearm at close range into an occupied vehicle. Then, he attempted to conceal that firearm. Whereas PV1 Foushee’s assistance after the fact extended to a knife with which he had zero prior involvement, appellant’s assistance after the fact extended to a firearm of which he had full knowledge and which was the very criminal instrument used to perpetrate appellant’s own crime of aggravated assault. In other words and more simply stated, I do not believe appellant was assisting his co-actor to cover up some greater crime committed independently by that co-actor. To the contrary, I believe appellant was endeavoring to cover up his own offense: the shooting into a vehicle. The assistance rendered to his co-actor was incidental.
In that light, because dual convictions of the lesser crime of aggravated assault and of accessory after the fact to the greater crime of attempted murder may be legally viable under facts different than those found here, I turn to the concept of unreasonable multiplication of charges. In United States v. Quiroz, 55 M.J. 334, 338 (C.A.A.F.2001), our superior court endorsed several factors to guide our analysis of whether charges have been unreasonably multiplied. Three of these factors convince me that appellant’s convictions of an aggravated assault by shooting and of accessory after the fact to that shooting constitute an unreasonable multiplication of charges. First, appellant objected at trial that the assaults and the accessory after the fact offense addressed the “same transaction and occurrence” and requested special findings as well as merger for purposes of sentencing. The military judge did consider the two offenses as one for sentencing. Second, as outlined above, these offenses are not aimed at distinctly separate criminal acts. Instead, these offenses address the same criminal conduct, just at different points along the time continuum. The two principals acted in concert to shoot into a vehicle and then the two continued to act in concert to cover up their dime. Third, also as outlined above, the prosecution *541 overreached in the drafting of these charges. This overreaching evidenced itself at trial when the government intended and attempted to secure separate convictions not only of lesser included offenses but also a conviction of accessory after the fact to one’s own crimes. It was only the military judge that noted, after the entry of findings, the different levels of intent required for attempted murder than for aggravated assault with a dangerous weapon.
I would dismiss the accessory after the fact offense either as an unreasonable multiplication of charges or as factually insufficient, reassess the sentence, and because the military judge considered the two offenses as “multiplieious for sentencing,” I would affirm the approved sentence.