UNITED STATES, Appellant

v

FRANK A. FORD, Basic Airman, U. S. Air Force, Appellee

12 USCMA 3, 30 CMR 3

No. 14,094

Decided October 21, 1960

*Lieutenant Colonel Merlin W. Baker, Lieutenant Colonel Simpson M. Woolf,* and *Lieutenant Colonel John F. Hannigan* were on the brief for United States, Appellant.

*Lieutenant Colonel James L. Kilgore* and *Lieutenant Colonel Philip J. Williamson* were on the brief for Appellee, Accused.

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of nine specifications of wrongful sale of various items of Government property, in violation of Uniform Code of Military Justice, Article 108, 10 USC § 908, and nine specifications of receiving the same stolen items, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced to dishonorable discharge, confinement at hard labor for two years, and forfeiture of all pay and allowances. The con-

vening authority approved the sentence. The board of review, however, set aside the findings of guilty relating to the receiving of stolen property and reassessed the sentence. The Judge Advocate General of the Air Force certified to this Court the following question:

"WAS THE BOARD OF REVIEW CORRECT IN HOLDING, UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE, THAT IT COULD NOT LEGALLY AFFIRM THE FINDINGS OF GUILTY OF CHARGE II AND THE SPECIFICATIONS THEREUNDER?"

3

Airman Neri was the supply clerk in charge of issuing personal equipment to personnel whose status entitled them to receive such material. The equipment under Neri's control belonged to the United States and included navigational watches, boots, and flight jackets. The accused, who was not entitled to the issuance of such equipment, suggested to Neri that he obtain a navigational watch for him. A few days later, Neri removed a watch from the supply room and gave it to the accused. Accused paid Neri five dollars for the watch. Subsequently, Neri obtained other watches, boots, and flight jackets from the supply room and furnished them to the accused. In each instance, he took the equipment at accused's prior request and was paid an agreed sum for it. The property was, on some occasions, delivered to accused at his quarters. At other times, the accused went to Neri's supply room and accepted the items across the counter. It also appears that a sale for each item was negotiated by the accused with its ultimate purchaser in advance of requesting Neri to obtain it from the supply room.

From the foregoing facts, the board of review concluded that the accused was a principal to Neri's larcenies of the specified items of Government property. It then expressed the belief that one who is a principal to larceny may not be convicted of receiving the goods taken in the theft, basing its decision upon our opinion in United States v McFarland, 8 USCMA 42, 23 CMR 266. It is the accuracy of this legal reasoning which forms the basis of the certified issue before us.

In United States v McFarland, supra, the accused, among other charges, was found guilty of larceny of $2.00. The admitted facts demonstrated that he was not the actual thief and had no knowledge of the crime until the real culprit gave him the sum involved, informing him that the money belonged to one Price, the victim. The Government contended that McFarland's guilt of larceny was thereby established for, by retaining Price's money in his possession, knowing it to have been stolen

and with the requisite intent, he "withheld" property from the true owner within the meaning of Code, supra, Article 121, 10 USC § 921. We unanimously held that the Government had failed to prove accused's guilt, concluding that the term "withholding" in Article 121 involved only the crime of embezzlement. As accused's conduct did not amount in law to that species of larceny, or, indeed, to any type of misconduct under Article 121, we necessarily found the evidence insufficient to support the findings of guilty. We also pointed out that the proof strongly suggested guilt of receiving stolen property in violation of Code, supra, Article 134, and inquired into the question whether that offense was lesser included in the crime of larceny. We expressed the belief that it was not, stating in part:

". . . We regard it as well established that the essential elements of of proof as to larceny are incompatible with those of receiving stolen property." [United States v McFarland, supra, page 47.]

It is difficult to perceive how our language or reasoning in McFarland, supra, led the board of review to the conclusion that Ford, as a matter of law, could not be guilty of receiving stolen property from Neri. We went no further there than to say that guilt of larceny could not be predicated upon mere proof of receiving stolen goods and that the latter crime is not lesser included in the former. That proposition has little bearing upon the situation depicted in this record, for this accused is charged with receiving stolen property and the evidence admittedly demonstrates that he received the items from Neri, knowing that Neri had stolen them and intending to appropriate them to the use of one other than the United States. True it is that an actual thief cannot be held criminally liable for receiving the property which he he has stolen, for he cannot logically "receive" property from himself. Adams v State, 60 Fla 1, 53 So 451 (1910); 45 Am Jur, Receiving Stolen Property, § 10; Anno-

tation, 136 ALR 1087. This is not the case before us. As the facts are established in the record and as they are found by the board of review, accused's only liability for Neri's thefts must be predicated upon his encouragement and procurement of Neri to steal the property. Hence, he was not the actual thief but only a statutory principal to the crime. Code, supra, Article 77, 10 USC § 877. It is clear that this connection with the larceny does not bar his prosecution for receiving. Smith v State, 59 Ohio St 350, 52 NE 826 (1898); State v Adams, supra. As was pointed out in State v Webber, 112 Mont 284, 116 P2d 679, 136 ALR 1077, at page 686:

> "Larceny and receiving stolen property are under our statutes separate and distinct crimes and where as here the evidence shows the defendant guilty of both crimes, we think it is optional with the state to prosecute the offender for either."[1]

In Aaronson v United States, 175 F 2d 41 (CA4th Cir) (1949), the argument that the defendant could not be convicted of receiving stolen property because he had aided and abetted the original larceny was similarly rejected. There, Circuit Judge Soper succinctly stated, at page 43:

> "This argument, we think, cannot be sustained. It is true that in the form in which the statute was cast at the time when the transaction took place a person could not be guilty of receiving the stolen property under § 101 unless the property had been stolen by another person. *But these words do not mean that the receiver may not have had any association with the other person or have rendered him any assistance or encouragement before the commission of the offense. Even under the application of the rule of common law it is generally held, as we have seen, that one who induces or procures the com-mission of a crime, who is in other words an accessory in the technical sense, might also be a receiver of the stolen goods; and the transactions between the appellant and his co-defendants whereby the larceny was planned clearly show that he was an accessory before the fact in this sense. The same result is reached even in jurisdictions where the distinctions between principals and accessories have been abolished by statute, Note 136 ALR 1087, 1100, because the result does not turn on these distinctions but flows from the common law rule that only where one has had a part in the actual caption of stolen goods is it impossible for him to 'receive' them."* [Emphasis supplied.]

See also Weisberg v United States, 258 Fed 284 (CA DC Cir) (1919), and Inman v United States, 243 F2d 256 (CA DC Cir) (1957).

In sum, we believe that the board of review erred in concluding that accused's possible liability as a principal in the larceny bars his conviction for receiving the goods taken in the theft when he was, in fact, not the actual thief. Aaronson v United States, supra; Inman v United States, supra. Reason is the light of the law, and there is simply no basis for concluding there cannot be a criminal transfer of stolen property between the real thief and the Fagin who inspired him.

The certified question is answered in the negative. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force for action consistent with this opinion and such further review as may be entailed by the reinstatement of the findings of guilty of Charge II and its specifications.

Chief Judge QUINN and Judge LATIMER concur.

---

[1] It is to be noted that the accused in this case was charged only with receiving stolen property. Thus, the question whether he might be found criminally liable both as a statutory principal to Neri's larcenies and for the receiving of the items taken is not now before us and need not be decided.