**UNITED STATES, Appellee,**

v.

**John W. CARTWRIGHT, III, Private E–1, U. S. Army, Appellant.**

No. 40,279.

CM 439544.

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Captain Gary D. Gray* (argued); *Colonel Edward S. Adamkewicz, Jr., Major James F. Nagle* (on brief); *Major Grifton E. Carden.*

For Appellee: *Captain Richard P. Laverdure* (argued); *Colonel R. R. Boller, Major Ted B. Borek, Major John T. Meixell* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

On April 15, 1980, appellant was tried at Frankfurt, Federal Republic of Germany, before a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of desertion (2 specifications), wrongful possession of a hypodermic syringe, escape from custody, escape from confinement, uttering a forged check, receipt of stolen property, and larceny of mail matter, in violation of Articles 85, 92, 95, 123, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 885, 892, 895, 923, and 934, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 10 years, total forfeitures, and reduction to the grade of private E–1; but, pursuant to a pretrial agreement, the convening authority approved the sentence except for confinement in excess of 18 months. The United States Army Court of Military Review affirmed the approved findings and sentence. Thereupon, we granted review on this issue:

> WHETHER SPECIFICATIONS 2 (RECEIPT OF STOLEN TREASURY CHECKS) AND 3 (LARCENY FROM THE MAIL OF TREASURY CHECKS) OF CHARGE V ARE MULTIPLICIOUS FOR CHARGING PURPOSES.

I

The Court of Military Review succinctly stated the relevant facts as follows: "The record reveals that appellant aided and abetted the larceny of treasury checks by soliciting others to wrongfully take treasury checks from the base post office. Subsequent to the actual theft, appellant knowingly received the stolen checks." The court below then concluded, "These facts

establish that appellant was not the 'actual thief' but rather a statutory principal." This conclusion relied on paragraph 213*f* (14) of the Manual for Courts-Martial, United States, 1969 (Revised edition), which states:

> While an actual thief is not criminally liable for receiving the property he has stolen, one who may be criminally responsible as a principal to the larceny, when not the actual thief (156), can be convicted of knowingly receiving the stolen property under Article 134. Thus, if A procures B to steal several items, agreeing to pay him a certain price for them, and B subsequently steals them and delivers them to A, A can be found guilty of knowingly receiving stolen property despite the fact that his conduct would make him guilty of larceny as a principal.

We do not disagree with the conclusion that Cartwright could properly be convicted of larceny as an aider and abettor and also was amenable to being found guilty as a receiver of stolen property. Our disagreement centers solely on the conclusion reached by the Court of Military Review that appellant, because he could be found guilty of *either* offense, could simultaneously be found guilty of *both.*

▇ Frequently a person found in possession of recently stolen property is charged both with the larceny of that property and with receiving stolen property. While such charges may be warranted by exigencies of proof, *United States v. Gaddis*, 424 U.S. 544, 550, 96 S.Ct. 1023, 1027, 47 L.Ed.2d 222 (1976), the general rule is that the trier of fact may not find the accused guilty of both charges. *See* 66 Am.Jur.2d, Receiving Stolen Property, § 11; Annotation, 136 A.L.R. 1087, 1093. That rule developed at common law because of the inconsistency between finding that an accused took property from the owner and finding that he received it from some other person who had taken the same property from the owner.

▇ While there is no contest in this Court that an actual perpetrator of a theft cannot be convicted simultaneously of that offense and of receiving the stolen fruits thereof, *United States v. Ford*, 12 U.S.C. M.A. 3, 4, 30 C.M.R. 3, 4 (1960), the Government does urge—and the court below agreed—that one whose conviction of larceny rests only upon his being an aider and abettor, *see* Article 77, UCMJ, 10 U.S.C. § 877, may also be convicted of receiving the stolen property at issue.[1]

However, in *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961),—which was decided some six months after *Ford*—the Supreme Court rejected a similar argument. There one defendant had been convicted under 18 U.S.C. § 641 both for stealing several thousand dollars in currency from a naval commissary store and for receiving the stolen currency; and a separate sentence had been adjudged on each charge. Viewing the issue as one of statutory construction, the Court, relying on its earlier decision in *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), ruled "that the jury could convict of either larceny or receiving, but not of both," 365 U.S. at 555, 81 S.Ct. at 730, and explained:[2]

> With respect to the receiving statute before us in *Heflin*, we decided that "Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the . . . robbers themselves," 358 U.S. at 420 [79 S.Ct. at 454]. We find nothing in the language or history of the present statute which leads to a different conclusion here. As in *Heflin*, the provision of the statute which makes receiving an offense came into the law later than the provision relating to robbery.

*Id.* at 554, 81 S.Ct. at 729. The dissenting justices argued unsuccessfully that, while "[i]t also may well be that a person who

---

1. The Court in *United States v. Ford*, 12 U.S.C. M.A. 3, 5 n.1, 30 C.M.R. 3, 5 n.1 (1960), expressly reserved this question.

2. The decision in *Milanovich v. United States*, 356 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), was discussed and implicitly affirmed in *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976).

does not himself take but is a contemporaneous participant as an aider and abettor in the taking is also a participant in a single transaction and therefore has committed but a single offense," *id.* at 558–59, 81 S.Ct. at 731–32, a different rule applies when there is a substantial interval between the taking and the defendant's actual possession of the stolen property.[3]

*Milanovich* has been followed in the application of other federal penal statutes. Thus, in *United States v. Garber*, 626 F.2d 1144 (3d Cir. 1980), *cert. denied*, 449 U.S. 1079, 101 S.Ct. 860, 66 L.Ed.2d 802 (1981), it was held that a defendant could not be convicted under 18 U.S.C. § 659 both for theft from a foreign shipment and for receipt and possession of goods stolen from a foreign shipment. *Cf. United States v. Gilbert*, 553 F.2d 990 (5th Cir. 1977), *cert. denied*, 439 U.S. 913, 99 S.Ct. 284, 58 L.Ed.2d 259 (1978). In *United States v. DiGeronimo*, 598 F.2d 746 (2nd Cir. 1979), *cert. denied*, 444 U.S. 886, 100 S.Ct. 180, 62 L.Ed.2d 117 (1979), the Court of Appeals ruled that the defendants could not be convicted both of interference with interstate commerce by means of robbery in violation of 18 U.S.C. § 1951, and of knowing receipt and possession of goods stolen from interstate commerce, in violation of 18 U.S.C. § 659. Likewise, a defendant cannot properly be convicted both of stealing mail and possession of stolen mail, in violation of 18 U.S.C. § 1708. *United States v. Lindsay*, 552 F.2d 263 (8th Cir. 1977). Nor can a conviction for robbing a postal employee of mail, in violation of 18 U.S.C. § 2114, stand alongside a conviction for possessing the same stolen mail contrary to 18 U.S.C. § 1708. *United States v. Seals*, 545 F.2d 26 (7th Cir. 1976).

The Government now contends that *Milanovich* and its progeny have been deprived

of vitality by *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), where the Supreme Court allowed conviction and punishment on two closely related charges of conspiracy. We disagree. In *Albernaz* the Court was unwilling to construe congressional silence as an "ambiguity," which would justify invoking a rule of lenity.[4] On the other hand, in light of the principle—dating from the common law—that a defendant shall not be convicted simultaneously of theft and receiving the stolen goods, congressional failure explicitly to authorize concurrent conviction of these two crimes must be viewed as acceptance of that principle. In short, despite *Albernaz*, the burden still remains on Congress to announce any departure from the rule laid down by *Milanovich*.

## II

The federal precedents persuade us that, absent a clear legislative intent to the contrary, theft and receiving are inconsistent offenses, even when the taking and the receiving of physical possession are not contemporaneous. Thus, we must inquire if Congress has revealed any intent that a different rule be applied in a trial by court-martial.

At the outset, we note that, so far as military justice is concerned, the offense of receiving stolen goods has never been the subject of any express congressional attention. Instead, as in the case at bar, it usually has been prosecuted under Article 134 as conduct that is service discrediting or prejudicial to good order and discipline.[5] Also, where, as here, mail matter is involved, the receiving could probably be prosecuted under 18 U.S.C. § 1708 as a "crime and offense not capital" pursuant to the third clause of Article 134.

---

3. In *Milanovich* the interval between the robbery and the receiving was about 17 days.

4. Even after *Albernaz*, however, where there *is* some ambiguity growing out of congressional silence under the circumstances, "the doubt must be resolved in favor of lenity. *See Simpson v. United States*, 435 U.S. 6, 14–15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70; *see also* n.10, *infra*."

*Whalen v. United States*, 445 U.S. 684, 694, 100 S.Ct. 1432, 1439, 63 L.Ed.2d 715 (1980).

5. Similarly, under the Articles of War, receiving stolen goods was prosecuted under AW 96—which corresponded to Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. *See* form specification 174, app. 4, Manual for Courts-Martial, U. S. Army, 1949.

Larceny is generally tried under Article 121 of the Code, 10 U.S.C. § 921. However, because stolen mail was involved in the case at bar, appellant was prosecuted for conduct that was service discrediting or prejudicial to good order within the first two clauses of Article 134. His theft of mail also could probably be prosecuted under 18 U.S.C. § 1708—incorporated into Article 134 as a "crime and offense not capital."

Since Congress to this date has never even specified the receipt of stolen goods as a violation of the Uniform Code, there surely is no clear congressional intent that courts-martial be authorized to convict simultaneously of larceny and receiving when a civil court could not do so. Moreover, such a result would be especially anomalous in the case at bar, since if appellant had been charged with the same misconduct under the third clause of Article 134—i.e., for violations of 18 U.S.C. § 1708, which prohibits "[t]heft or receipt of stolen mail matter generally"—the congressional intent, as interpreted in several cases, would preclude his conviction of both larceny and receiving. *United States v. Lindsay, United States v. Seals,* both *supra.* Congress could hardly have intended that a military prosecutor be allowed to multiply punishment for misconduct simply by omitting any reference to applicable provisions of Title 18 of the United States Code and proceeding on the theory that the accused's acts were service discrediting or prejudicial to good order and discipline in the Armed Forces.

We need not decide whether Congress left the President free to prescribe a different rule by the exercise of his powers under Article 36, UCMJ, 10 U.S.C. § 836, for we are convinced that the Manual does not seek to authorize simultaneous convictions of larceny and receiving. Paragraph 213*f* (14), on which the Court of Military Review relied, does nothing more than recognize that a person who is, under the facts of a case, criminally responsible as a principal in a theft can, nonetheless, be convicted of receiving the fruits of the theft. This principle is a beneficient one—designed to avoid a claim by a person convicted of larceny that he should have been found guilty of receiving, or vice versa. However, it does not signify that the President intended to authorize *simultaneous convictions* for larceny and receiving.

The draftsmen's analysis of paragraph 213*f*(14) does not suggest that the well-established rules as to the inconsistency of the two offenses was being curtailed. It indicates only that the subparagraph "is new" and cites our decision in *United States v. Ford, supra,* and *United States v. Herndon,* 1 U.S.C.M.A. 461, 4 C.M.R. 53 (1952). *See* para. 213*f*(14), Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Revised edition). Neither of these cases dealt with the issue now before us. *Herndon* simply concerned the elements of the offense of receiving stolen property in the military, and *Ford* only held that one who was *liable* as a principal in a larceny could nevertheless be *convicted* of receiving.

Thus, the language of paragraph 213*f*(14) gives absolutely no indication that the President intended, in the language of *Heflin v. United States, supra,* "to multiply the offense of the . . . robbers themselves." As the paragraph was promulgated several years after our decision in *United States v. Ford, supra,* which specifically reserved the question, and after the Supreme Court's decision in *Milanovich v. United States, supra,* which relied on legislative intent, we feel sure that, if this had been the President's intent, the Manual would so reflect.

Moreover, we perceive no special reason why in situations like that of the case at bar, either Congress or the President would see a need to allow an accused to be found guilty both of larceny and receiving.[6] While, due to exigencies of proof, a person found in possession of recently stolen property frequently is charged both with the larceny of that property and with receiving it, *see United States v. Gaddis, supra,* 424 U.S. at 550, 96 S.Ct. at 1027, the trier of

---

**6.** The Government argues that where more than one person is involved, an additional danger to society is posed. However, that peril can be dealt with through a conspiracy charge.

fact need not be allowed to convict the accused on both charges.[7]

## III

■ Appellant pleaded guilty to both specifications; this plea was factually accurate in that he could properly be found guilty on either charge. Thus, the situation is different from that confronted in *United States v. Cook*, 7 M.J. 623 (N.C.M.R.1979), where the Court of Military Review held improvident a plea of guilty to receipt of stolen property, because the providence inquiry revealed that the accused had personally participated in taking some of the stolen property. Moreover, the plea of guilty does not waive the right to have one of the findings vacated where both cannot properly stand. *See, e.g., United States v. Seals, supra.*

Appellant is entitled to have the court's finding of guilty of receiving—an offense which here authorizes a lesser maximum punishment than larceny, *see* para. 127c, Manual, *supra*—set aside. However, in view of the original sentence of 10 years and its reduction by the convening authority to 18 months, it is apparent that he suffers no continuing prejudice as to sentence. Thus, ordering reassessment of appellant's sentence would be a futile gesture.

Accordingly, the decision of the United States Army Court of Military Review is reversed as to specification 2 of Charge V. The finding as to that specification is set aside and the specification is dismissed. The decision as to the remaining findings of guilty and the sentence is affirmed.

Judges COOK and FLETCHER concur.

---

7. "In such factual situations, the improper cumulation of convictions is to be avoided by instructing the jury that it may convict of either theft or possession but not both. *United States v. Gaddis, supra*, at 549, 96 S.Ct. at 1026; *United States v. Solimine*, [536 F.2d 703 (6th Cir. 1976), *vacated on other grounds*, 429 U.S. 990, 97 S.Ct. 517, 50 L.Ed.2d 603 (1976)], at 711 n.30." *United States v. Lindsay, supra* at 266.