**UNITED STATES, Appellee,**

v.

**Private E1 James K. HIATT, 219–86–3413, United States Army, Appellant.**

**ACMR 8800684.**

U.S. Army Court of Military Review.

19 Dec. 1988.

* Senior Judge Ned E. Felder took final action in this case prior to his retirement.

For Appellant: Lieutenant Colonel Charles E. Lance, JAGC, USAR, Major Kathleen A. VanderBoom, JAGC, Captain Jeffrey J. Fleming, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC, Captain Karen V. Johnson, JAGC (on brief).

Before HOLDAWAY, THORNOCK and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Senior Judge:

Pursuant to his pleas, the appellant was convicted by a general court-martial of conspiracy to commit larceny and receive stolen property, larceny, and burglary, in violation of Articles 81, 121, and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, and 929, (1982) [hereinafter UCMJ], respectively. The members sentenced appellant to a dishonorable discharge, confinement for two years, forfeiture of $671.40 pay per month for twenty-four months, and reduction to Private E1. The convening authority approved the sentence.[1]

The appellant was the instigator of the charged conspiracy to break into a noncommissioned officer's home and steal stereo equipment. He enlisted the aid of two other soldiers in his scheme. One helped with the burglary and larceny, and the other provided transportation. Thereafter, another soldier's aid was enlisted to store the stolen property.

The appellant contends the military judge erred by accepting his plea to that part of the conspiracy charge and specification that alleges appellant conspired to receive stolen property. Relying upon *United-*

ed States v. Lampani, 14 M.J. 22 (C.M.A. 1982), and *United States v. Cartwright,* 13 M.J. 174 (C.M.A.1982), appellant asserts that an accused cannot be convicted of both larceny and subsequently receiving the same stolen property. We agree with the exposition of the law in *Lampani* and *Cartwright,* but find the appellant's reliance on the principle misplaced under the facts and circumstances of this case.

*Cartwright* explains the common law foundation of the rule that one cannot be convicted of theft and simultaneously convicted of receiving the same property thusly:

> That rule developed at common law because of the inconsistency between finding that an accused took property from the owner and finding that he received it from *some other person* who had taken the *same* property from the owner.

*Cartwright,* 13 M.J. at 175 (emphasis added). If the law were otherwise, it would unfairly multiply punishment for the delict.

■ In the instant case, the appellant conspired with other soldiers to fulfill various aspects of the nefarious scheme. Two soldiers were actually on the scene assisting the appellant. The third soldier was not present during the perpetration of the burglary and larceny, but agreed to "warehouse" the stolen property. Thus we see that there was a separate crime in which the agreement was for the third soldier to receive the fruits of the criminal enterprise on behalf of the perpetrator. Under these circumstances, the common law prohibition does not apply.

■ Conspiracy to commit an offense and the substantive offense that is the object of the conspiracy are separately punishable. *United States v. Washington,* 1 M.J. 473 (C.M.A.1976); *United States v. Dickson,* 49 C.M.R. 614 (A.C.M.R.1974). Conspiratorial undertakings are deemed especially dangerous to society and are made specifically separately punishable for that reason. *See Iannelli v. United States,* 420

---

1. The forfeitures were reduced to the whole dollar amount of $671.00 pay per month for twenty-four months as required by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003(b)(2) [hereinafter R.C.M.].

U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *Callanan v. United States*, 364 U.S. 587, 593–94, 81 S.Ct. 321, 325, 5 L.Ed. 2d 312 (1961). Accordingly, the appellant's pleas were consistent under the law applying to conspiracy and there was no error.

 We note that the single specification of the conspiracy charge was duplicious. The specification alleged a conspiracy to commit larceny and to receive and conceal stolen property. The conspiracy was with three different people and the separate portions of the agreement were entered into at different places and times. Under the facts of this case, the appellant could have moved for severance under R.C.M. 906(b)(5). However, had that motion been granted, it could have increased the maximum punishment. Clearly, that was not in the appellant's interest. A motion to strike a portion of the specification could also have been made. R.C.M. 906(b)(4). The appellant received the benefit of a lower maximum punishment, and the matter could easily have been resolved at trial. Failure to seek relief at trial constitutes waiver of the issue. R.C.M. 905(e).[2]

We have carefully reviewed the matters personally presented by the appellant and find them to be without merit.

The findings of guilty and the sentence are correct in law and fact and are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

---

**2.** Assuming *arguendo* that one views the conspiracy as having a single underlying purpose of successful theft of property, the analysis herein would still be applicable. The offenses of receiving the stolen property are separate and there was in essence a separate conspiracy to obtain the use of a facility in which to store the property. The drafter of the charges combined these offenses in the duplicious pleading to the appellant's benefit.