UNITED STATES, Appellee,

v.

Sergeant First Class Tallie HOLT, Jr.,
413–90–3193, United States
Army, Appellant.

ACMR 8800780.

U.S. Army Court of Military Review.

5 Oct. 1990.

For Appellant: Herbert S. Moncier, Esq., Ann C. Short, Esq. (argued), Captain James K. Lovejoy, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Captain Mark E. Frye, JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC Major Martin D. Carpenter, JAGC, Captain Marcus A. Brinks, JAGC, (on brief).

Before MYERS, JOHNSON and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of members of committing sodomy and indecent acts with his minor stepdaughter in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1982) [hereinafter

UCMJ]. His approved sentence provides for a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

## I.

Appellant contends that his conviction of both offenses is barred by the statute of limitations. He argues that the uncontradicted evidence establishes that the charges were not received by the summary court-martial convening authority within the prescribed limitation periods of three years for sodomy and two years for indecent acts with a child under the age of sixteen years. We disagree.

The specifications allege that the accused: 1) "did at Fort Polk, Louisiana and Heidelberg, Federal Republic of Germany, on divers occasions, between 20 November 1984 and 3 September 1986, commit sodomy with Aree–Rut Wanawak, a child under the age of sixteen years."; and 2) "did at Heidelberg, Federal Republic of Germany, on divers occasions, between 20 November 1985 and 3 September 1986, commit indecent acts upon the body of Aree–Rut Wanawak, a female under sixteen years of age, not the wife of the said [accused], by touching her on the breasts and vaginal area with the intent to gratify the sexual desires of the said [accused]."

■ Under the statute of limitations in effect prior to 14 November 1986, the offenses of sodomy and indecent acts with a child were not triable if committed more than three years and two years respectively, prior to receipt of sworn charges by the summary court-martial convening authority. UCMJ art. 43(b) and (c), 10 U.S.C. § 843(b) and (c) (1982) (amended 1986).[1] "In computing the period for application of the statute of limitations, the day upon which the sworn charges are received by the officer exercising summary court-martial jurisdiction is not to be counted as a

day within the statutory period, although the date on which the offense is committed—if it can be ascertained—is an accountable day within the period." *United States v. Colley*, 29 M.J. 519, 522 (A.C.M.R. 1989) *applying United States v. Tunnell*, 23 M.J. 110 (C.M.A.1986). Measured by this rule, the Government had until 20 November 1987 to toll the statute of limitations for the earliest of the offenses alleged.

■ Initially, we note that the appellant did not raise the issue at trial. This omission can amount to waiver if the record discloses that he was aware of the right to assert the statute in bar of trial and affirmatively failed to do so. *United States v. Salter*, 20 M.J. 116, 117 (C.M.A.1985). Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 907(b)(2)(B) [hereinafter R.C.M.], also provides that "if it appears that the accused is unaware of the right to assert the statute of limitations in bar of trial, the military judge shall inform the accused of this right". As the record is silent with respect to the matter, we cannot conclude that the appellant affirmatively waived the right to base an appeal on this issue.

■ The documents contained in the record and the allied papers establish that the charges were received by the summary court-martial convening authority on 18 November 1987, two days prior to the running of the statute of limitations.[2] The charge sheet reflects that after preferral of charges by the appellant's unit commander, the charges were forwarded to the Commander, CENTAG, where they were received by that command's adjutant (Major Kettleson) at 1300 hours, 18 November 1987. The Commander, CENTAG, by endorsement to the charge sheet, forwarded the charges to the Commander, 26th Support Group, who further endorsed the charges by appointing an officer to conduct an investigation pursuant to Article 32 of

---

1. Currently there is a five-year statute of limitations for both offenses. UCMJ art. 43(b)(1), *amended by* Pub.L. 99–661, div. A, title VIII, § 805(a), (b), 100 Stat. 3908 (1986).

2. Appellate defense counsel have stated that the charge sheets and allied documents in their copies of the record of trial are undated. The record presented to this court, however, contains documents which are dated.

the Uniform Code of Military Justice. This latter endorsement was also signed by MAJ Kettleson acting as the adjutant for the Commander, 26th Support Group. Both endorsements were dated 18 November 1987. On 18 December 1987, after the Article 32 investigation was completed, the Commander, 26th Support Group, forwarded the charges to the general court-martial convening authority with a recommendation that the charges be referred to trial by general court-martial.

■ On its face, the charge sheet indicates that MAJ Kettleson, acting in his official capacity as adjutant to the Commander, 26th Support Group, received charges on 18 November 1987. In the absence of evidence to the contrary, his action is vested with a presumption of regularity. *United States v. Johnson*, 28 C.M.R. 196 (C.M.A.1959); *United States v. Masusock*, 1 C.M.R. 32 (C.M.A.1951); *see also United States v. Centeno*, 17 M.J. 642 (N.M.C.M.R. 1983), *petition denied*, 17 M.J. 429 (C.M.A. 1984). The appellant has attacked that presumption by inferring that it was irregular for MAJ Kettleson to have served as adjutant for two different commanders. However, we find that circumstance was not unusual or improper.

In his post-trial recommendation to the general court-martial convening authority, the staff judge advocate stated:

The Charge Sheet, Section IV, incorrectly lists HQ, USAE, CENTAG, APO New York 09099, as the command exercising summary court-martial jurisdiction. HQ, USAE, CENTAG, does not exercise summary court-martial jurisdiction. HQ, 26th Support Group, exercises both summary and special court-martial jurisdiction. The Article 32 report notes that the Article 32 IO, who was appointed by 26th Support Group, was notified of his appointment on 17 November 1987. The allied papers has an undated letter of appointment that references the forwarding of the charges to 26th Support Group on 18 November 1987. In these circumstances it appears 26th Support Group received sworn charges by not later than 18 November 1987. The error on the

Charge Sheet was therefore an administrative oversight that did not prejudice the substantial rights of the accused.

Although the staff judge advocate raised the specter of the "statute of limitations" issue that the appellant contends still haunts this case, he simultaneously put it to rest in his explanation of why the charges were timely received. Moreover, the appellant's defense counsel was served with the staff judge advocate's recommendation and did not challenge its contents. We are therefore justified in "drawing any reasonable inferences against [appellant] with respect to factual matters not fully developed in the record of trial." *United States v. Lockwood*, 15 M.J. 1, 7 (C.M.A. 1983). Finally, as the court members found that appellant committed the offenses within the respective limitation periods, there is no merit to his assignment of error.

## II.

The appellant also assigns as error:

AT THE CLOSE OF ITS PROOF IN CHIEF, THE GOVERNMENT SHOULD HAVE BEEN REQUIRED TO ELECT THE PARTICULAR INCIDENT OF ALLEGED SODOMY AND THE PARTICULAR INCIDENT OF COMMITTING AN INDECENT ACT UPON WHICH A VERDICT OF GUILTY WOULD BE SOUGHT.

For support he cites *United States v. Vidal*, 23 M.J. 319, 325 (C.M.A.1987), *cert. denied*, 481 U.S. 1052, 107 S.Ct. 2187, 95 L.Ed.2d 843 (1987), in which the Court of Military Appeals opined:

We recognize that usually where several similar but separate offenses are involved, the judge should require the prosecution to elect which offense is being prosecuted. Otherwise, an accused may have difficulty in preparing his defense; may be exposed to double jeopardy; and may be deprived of his right to jury concurrence concerning his commission of the crime. However, an election has not been required where offenses are so closely connected in time as to consti-

tute a single transaction. (Citations omitted).

### A.

The appellant's assignment of error poses two distinct legal questions. The first involves the long-standing rule of military procedure against duplicitous pleading of criminal offenses. "One specification should not allege more than one offense, either conjunctively (the accused "lost and destroyed") or alternatively (the accused "lost or destroyed"). However, if two acts or a series of acts constitute one offense, they may be alleged conjunctively. *See* R.C.M. 906(b)(5)." R.C.M. 307(c)(3) discussion, para. (G)(iv).

Where appropriate, a military judge may remedy duplicitousness by granting a defense motion for severance of the duplicious specification into two or more specifications. R.C.M. 906(b)(5). Discussion accompanying the rule further provides, *inter alia:*

> A duplicitous specification is one which alleges two or more separate offenses. Lesser included offenses (*see* Part IV, paragraph 2) are not separate, nor is a continuing offense involving several separate acts. The sole remedy for a duplicitous specification is severance of the specification into two or more specifications, each of which alleges a separate offense contained in the duplicitous specification.

■ The appellant's claim of duplicitous pleadings is without merit. First, he failed to move for appropriate relief. Under the circumstances, this constitutes waiver. *United States v. Parker,* 13 C.M.R. 97 (C.M.A.1953). Waiver is especially appropriate here as the Government's consolidation of appellant's multiple sodomitic and indecent acts into single specifications decreased the maximum imposable punishment and inured to the appellant's benefit. *United States v. Blucker,* 30 M.J. 690 (A.C. M.R.1990); *United States v. Hiatt,* 27 M.J. 818 (A.C.M.R.1988), *petition denied,* 28 M.J. 248 (C.M.A.1989). In this case, it would have been tactically foolhardy for the defense to move for severance because

it would have exposed the appellant to twice the amount of confinement permitted under a consolidated specification.

■ Moreover, as *Vidal* acknowledges, there is no requirement that the Government proceed on one of several separate acts of misconduct where they are part of one continuous transaction. *Vidal,* 23 M.J. at 325. In *United States v. Lovejoy,* 42 C.M.R. 210, 212 (C.M.A.1970), a case involving multiple acts of consensual sodomy between homosexual servicemembers over a period of fourteen months, the Court held, "[A] continuous series of acts extending over a period of time and motivated by a single impulse may properly be alleged as a single offense." *Accord United States v. Aloyian,* 36 C.M.R. 489 (C.M. A.1966) (multiple drug offenses); *United States v. Schumacher,* 7 C.M.R. 10 (C.M.A. 1953) (indecent exposure and liberties with a child); *United States v. McNett,* 21 M.J. 969 (A.C.M.R.1986) (multiple theft charges); *United States v. DeJonge,* 16 M.J. 974 (A.F.C.M.R.1983) (multiple rapes of the accused's daughter). In testing for duplicitousness, as "in testing for multipliciousness, we need [not] go beyond the language of the specifications on which the case is tried." *United States v. Holt,* 16 M.J. 393, 394 (C.M.A.1983). In the instant case, even though the specifications allege that the appellant committed the offenses "at divers times" over a lengthy period, they also allege that he perpetrated the offenses with the same victim and was motivated by the same impulse. We view the specifications as alleging a single course of conduct and hold they are not duplicitous.

### B.

■ The second question involves uncertainty as to whether the court members concurred in the findings. In their brief, appellate defense counsel state, "[I]t is impossible to tell whether two-thirds of the court members agreed as to SFC Holt's guilt beyond a reasonable doubt in regard to a single offense." Essentially, they contend that when a specification incorporates multiple acts of misconduct, the military

judge must *sua sponte* instruct the panel to delineate the particular criminal act or acts on which its finding of guilt is based, or else we must conclude that it did not arrive at its determination with the necessary concurrence. This precise question was examined by the Court of Military Appeals a quarter of a century ago and the Court rejected this argument.[3] We also reject the defense's contention in the context of contemporary procedural rules.

Military judges are required to give the court members appropriate instructions on findings. R.C.M. 920(a). These include instructions relating to substantive matters (R.C.M. 920(e)(1–5)); procedures for deliberations and voting, including the number of votes required to convict (R.C.M. 920(e)(6) and R.C.M. 921(c)); and, "[s]uch other explanations, descriptions, or directions as may be necessary and which are properly requested by a party or which the military judge determines, sua sponte, should be given." (R.C.M. 920(e)(7)). There is no requirement that military judges give special instructions to insure that members concur in finding an accused guilty of individual acts embraced by a specification. Rather, as court members are not permitted to make special findings, instructions to that effect are superfluous. R.C.M. 918(b).[4] The rules do permit counsel to request instructions on findings.

R.C.M. 920(c). In this manner, the defense has the opportunity to draw the panel's attention to specific aspects of the case during its deliberations. However, the granting of such requests is discretionary with the judge and the failure to object to instructional deficiencies generally waives errors. R.C.M. 920(f).

The appellant's counsel did not request special instructions on findings; instead he argued that the testimony of the victim was incredible and vindictive and that the testimonies of the Government's expert witnesses were· uncertain, unreliable, and improbable. Ultimately, he importuned the court for a complete acquittal. The defense counsel's "all-or-nothing" trial strategy was inconsistent with special instructions. Conceivably, such instructions might have more easily precipitated appellant's conviction since only one sodomitic or indecent act would have been required. Accordingly, we hold that appellant's counsel waived this issue.[5]

### III.

The appellant claims that the representation of his civilian trial defense counsel, Mr. Edward Bellen, was ineffective under the criteria set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80

---

3. In *Aloyian,* a case in which the appellant abortively moved to make more definite specifications alleging multiple instances of possession and use of marijuana, the defense claimed for the first time on appeal that the specifications were duplicitous. The Court rejected the claim and held:

> The record before us compels the conclusion that, at trial, the accused had no objection to being charged with a single continuing offense, rather than with disparate crimes. In any event, in *United States v. Means,* 12 USCMA 290, 30 C.M.R. 290, we held it was proper to allege use of marijuana over a period of time as a single offense. The danger, if it exists, that the court members might not know they must agree on a finding as to each of several acts reflected in the evidence does not affect the sufficiency of the pleading. At best, it may justify a clarifying instruction at the appropriate place in the trial.

36 C.M.R. at 493.

4. Some federal courts recognize the right of a defendant to request a specific instruction on

jury unanimity, in addition to the general unanimity instruction, where there is a possibility of juror confusion or where there is a danger of a fragmented verdict. *United States v. North,* 910 F.2d 843 (D.C.Cir.1990); *United States v. Duncan,* 850 F.2d 1104 (6th Cir.1988). The instruction may be required where multiple criminal acts are alleged in a single charge and a general verdict of guilty would be ambiguous as to the act or acts agreed upon by the jury. Failure to request the instruction amounts to waiver, in the absence of plain error. *United States v. Mangieri,* 694 F.2d 1270 (D.C.Cir.1982).

5. We also observe that there was sufficient evidence of record to support appellant's guilt of anal and oral sodomy and the indecent acts beyond a reasonable doubt, and we are convinced that the court members' determination is correct in law and fact. The absence of special instructions, even had they been required, was nonprejudicial. *See United States v. Sulima,* 29 C.M.R. 446 (C.M.A.1960).

L.Ed.2d 674 (1984), and *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). We disagree.

In *Scott*, the Court of Military Appeals described those criteria in the following manner:

> In order to prevail on an ineffectiveness of counsel claim, an accused must establish both incompetence and prejudice, as follows:
>
>> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S.Ct. at 2064.

The competence of counsel is presumed. To make out a claim of ineffective assistance of counsel, the accused must rebut this presumption by pointing out specific errors made by his defense counsel which were unreasonable under prevailing professional norms. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error in light of all the circumstances. "In making [the competence] determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." 466 U.S. at 690, 104 S.Ct. at 2066.

. . . .

The test for prejudice when a conviction is challenged on the basis of actual ineffectiveness of counsel "is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland v. Washington, supra* at 695, 104 S.Ct. at 2068–69. This requires a court to consider the totality of the evidence before the factfinder. *Scott*, 24 M.J. at 188–9.

Furthermore, the Court has held that, "we must give deference to counsel's tactical judgment and not substitute our view with the benefit of hindsight." *United States v. Bono*, 26 M.J. 240, 242 (C.M.A. 1988); *see also United States v. Bowie*, 17 M.J. 821 (A.C.M.R.1984), *aff'd*, 21 M.J. 453 (C.M.A.1986), *cert. denied*, 479 U.S. 820, 107 S.Ct. 83, 93 L.Ed.2d 37 (1986).

The specific errors made by his defense counsel which appellant asserts were unreasonable under prevailing professional norms include: 1) attempting to waive the Article 32 hearing; 2) failing to cross-examine the government's witnesses or calling defense witnesses at the hearing; 3) failing to conduct *voir dire* of court members; 4) failing to require the government to elect a specific act of sodomy or indecency upon which to prosecute; 5) failing to move for dismissal based on the statute of limitations; 6) failing to object at trial to certain expert testimony, hearsay, and uncharged misconduct; 7) failing to conduct effective cross-examination of adverse witnesses; 8) failing to call favorable defense witnesses during sentencing; and, 9) failing to make an effective sentencing argument. These assertions are without merit.

 A memorandum for record, contained in the Article 32 investigation report, states that Mr. Bellen telephonically advised the trial counsel that "his client, SFC Holt, had told him to waive" the hearing. As appellant has not rebutted this statement, we attribute Mr. Bellen's attempted waiver to him. A client has the right to instruct his attorney to waive pretrial proceedings. Generally, a lawyer should abide by a client's decision in this regard. *See* Rule 1–2, Department of the Army Pamphlet 27–26, Rules for Professional Conduct for Lawyers, 31 December 1987. Under the circumstances of this case, Mr. Bellen's action was not ineffective representation. Likewise, the failure to cross-examine government witnesses or

present matters on appellant's behalf at the hearing is not *per se* evidence of ineffectiveness. There are sound reasons why a trial defense counsel would not want to expose his anticipated trial tactics to the government before trial. *See United States v. Hubbard*, 28 M.J. 27 (C.M.A. 1989), *cert. denied*, — U.S. ——, 110 S.Ct. 142, 107 L.Ed.2d 101 (1989). We will not conclude Mr. Bellen was ineffective in the absence of evidence defeating the presumption of effective representation. Finally, the appellant suffered no prejudice. The principal purpose of an Article 32 investigation is to prevent baseless charges. *United States v. Samuels*, 27 C.M.R. 280 (C.M.A.1959). Of necessity, the decision to refer a case to trial is dependent primarily on whether the evidence contained in the Article 32 investigation substantiates the charges. In this case, the investigating officer was not satisfied referral of the charges was warranted. On the other hand, the staff judge advocate and the convening authority were. Our examination of the evidence contained in the investigation report supports their conclusion. We do not find Mr. Bellen ineffective for failing to extend himself more than he did during the investigation when the possibility of beneficial results was so limited.

■ Nor was Mr. Bellen ineffective for failing to conduct *voir dire*. The record indicates that the questions from the military judge and government counsel were sufficiently clear and comprehensive and insured that the members were not subject to the influence of pretrial publicity or were otherwise unable to be impartial. *See United States v. Brookhart*, 877 F.2d 671 (8th Cir.1989), *cert. denied* — U.S. ——, 110 S.Ct. 736, 107 L.Ed.2d 754 (1990). Although Mr. Bellen could have asked additional questions, we are satisfied that their value would have been minimal.

Mr. Bellen's failure to raise issues involving duplicitous pleadings and the statute of limitations was neither ineffective nor prejudicial for the reasons previously set forth in this opinion.

■ We are equally unimpressed with the appellant's argument concerning Mr. Bellen's failure to object to the admission of prosecutorial evidence. Appellant asserts as inadmissible the opinion of a board-certified pediatrician, experienced in treating sexually abused children, who testified that his physical and psychological examinations of the victim revealed that she had been sodomized. He also attacks the corroborating testimony of a social worker who stated that the victim demonstrated "damaged goods syndrome." Their testimony was admissible under *United States v. Carter*, 26 M.J. 428 (C.M.A.1988) and *United States v. Snipes*, 18 M.J. 172 (C.M.A.1984). A failure to object to expert testimony, even where arguably inadmissible, does not amount to ineffective assistance of counsel if it is likely that the "court members determined the accused's guilt by resolving the conflicting evidence between the victim and the accused without resort" to that testimony. *United States v. Garcia*, 18 M.J. 716, 719 (A.F.C.M.R.1984); *see also United States v. Mons*, 14 M.J. 575 (N.M.C.M.R.1982).

■ Mr. Bellen's failure to object to testimony from expert and lay witnesses on hearsay and uncharged misconduct grounds does not rise to the level of ineffective representation. Our examination of the record indicates that the evidence in question, *i.e.*, pretrial statements by the victim that the appellant had molested her and that she had been physically abused by her mother, was potentially admissible. Therefore, the military judge would have acted within his discretion in overruling any objection on these grounds. This is not a case in which "defense counsel remains silent where there is no realistic strategic or tactical decision to make but to speak up". *United States v. Rivas*, 3 M.J. 282, 289 (C.M.A.1977). Likewise, we are not inclined to second-guess the manner and content of Mr. Bellen's cross-examination of these witnesses. Our examination of the record and the Article 32 investigation indicates that the defense's chances of impeaching these witnesses or developing inconsistencies in their testimony were remote.

Finally, we decline to find Mr. Bellen's actions during presentencing ineffective. We note that the court had available to it the appellant's service record that included numerous efficiency reports, awards, and letters of appreciation. Also, there was the testimony of appellant's wife and others concerning his character and the impact a conviction and sentence to confinement would have on his family. Still, the appellant was convicted of sodomizing a child whose well-being was entrusted to him. Harsh punishment for such conduct is neither uncommon nor inappropriate. *See United States v. Bramel,* 29 M.J. 958, 968 (A.C.M.R.), *aff'd,* 32 M.J. 3 (C.M.A.1990).

This court has considered the remaining assignments of error and find them to be without merit.

The findings and sentence are affirmed.

Acting Chief Judge MYERS * and Senior Judge JOHNSON concur.