UNITED STATES, Appellee,

v.

Francisco J. ARRIAGA, Corporal, U.S. Marine Corps, Appellant.

No. 97–0712.
Crim.App. No. 95–2110.

U.S. Court of Appeals for the Armed Forces.

Argued May 14, 1998.

Decided Sept. 22, 1998.

For Appellant: *Lieutenant Frank M. Doherty*, JAGC, USNR (argued); *Lieutenant Syed N. Ahmad*, JAGC, USNR (on brief).

For Appellee: *Lieutenant Russell J.E. Verby*, JAGC, USNR (argued); *Colonel Charles Wm. Dorman*, USMC, and *Commander D.H. Myers*, JAGC, USN (on brief); *Lieutenant Randy S. Kravis*, JAGC, USNR.

*Opinion of the Court*

SULLIVAN, Judge:

Appellant was tried by a general court-martial at Marine Corps Air Station, Cherry Point, North Carolina, on June 1, 1995. In accordance with his pleas, he was found guilty of conspiracy to steal military property, conspiracy to conceal stolen military property, theft of military property, receiving and concealing stolen military property, soliciting the concealment of stolen military property, and wrongfully endeavoring to impede a criminal investigation, in violation of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 921, and 934, respectively. The military judge sentenced him to a bad-conduct discharge, 12 months' confinement, total forfeitures, and reduction to pay grade E–1. On October 5, 1995, the convening authority approved the adjudged sentence but suspended for 2 years all confinement in excess of 9 months and all forfeitures in excess of $200 pay per month for 12 months.

The Court of Criminal Appeals affirmed the findings of guilty and sentence in an unpublished opinion on February 18, 1997. On December 9, 1997, this Court granted review on the following issue of law:

WHETHER APPELLANT'S CONDUCT OF LYING TO INVESTIGATIVE AGENTS CONSTITUTED OBSTRUCTION OF JUSTICE IN LIGHT OF *UNITED STATES V. AGUILAR,* 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995).

We hold that appellant's guilty pleas to wrongfully impeding a military police investigation into his theft of military property, in violation of Article 134 (*see* para. 96, Part IV, Manual for Courts–Martial, United States (1995 ed.)) were valid. *See United States v. Jones,* 20 MJ 38, 40 (CMA 1985); *cf. United States v. Aguilar,* 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995); 18 USC § 1503.

Appellant was charged with and pleaded guilty to the following offense:

> SPECIFICATION 2: In that Corporal Francisco Javier Arriaga ... did, on board Marine Corps Air Station Cherry Point, North Carolina, on or about 13 October 1994, *wrongfully endeavor to impede an investigation* in the case of Corporal Francisco Javier Arriaga and Corporal Chad Kaopua, *by communicating misleading false information to a Criminal Investigation Division personnel* [sic] ... that he gathered various stolen military property of the United States from his quarters and disposed of said military property at three or four locations on Highway 70, Eastern North Carolina.

(Emphasis added.)

Pursuant to the terms of a pretrial agreement, appellant agreed to a stipulation of fact and discussed his offense with the military judge on the record. This record shows that agents from the Criminal Investigation Division (CID) were investigating the theft of tools from appellant's workplace. As part of the investigation, the CID agents questioned appellant and conducted a consent search of his home. During the search, several items of stolen military property were discovered. Appellant was taken to CID headquarters for further questioning. The agents informed appellant of his rights under Article 31(b), UCMJ, 10 USC § 831(b). Appellant waived his rights. Appellant falsely stated under oath that he had gathered up the stolen items, disposed of the items at three or four locations along a local highway, and did not know about any other missing items. Appellant stated that he believed he and his co-conspirators were going to be the subject of criminal proceedings. Appellant finally stated that he lied to the CID agents in an attempt to prevent the capture of himself and his cohorts.

In addition, appellant described "the wild goose chase" on which he then took the criminal investigators in this case, as follows:

> Later on, after we did the statement at the CID office, Sergeant Yount wanted me to show him whereabouts I had disposed of the items. I told him I didn't really remember because it was real dark and that I had just made stops and just thrown stuff in the woods. He still insisted, so I told him we could go out there. I told him more or less—I made up a place. I just told him to stop anyplace along the highway, Highway 70; and I was just basically just telling him anyplace because it didn't really happen. He proceeded to go out there and look for the stuff and not find anything; so, after that, we just came back. He drove me back home; and the next day, I spoke with Corporal Cortez and told him that they had in fact gone to my house and that they had mentioned something about somebody having storage but they didn't have a clue as to who it was and that I thought it would be in our best interests for him to move the stuff out of there so in case they did find out about it, they really wouldn't find anything in there. This was, I believe, a Friday; and over the weekend, he took care of that. The following week is when he was questioned and stuff. A week after that, I was brought in, when they had found everything. They had tapes of him moving the stuff, and they showed me all of the stuff I had taken. Everything that was in storage was already recovered by that time. That's pretty much what happened.

—— —— ——

■ Appellant asserts that the Supreme Court decision in *Aguilar,* 515 U.S. at 601,

115 S.Ct. 2357, invalidates his guilty pleas to obstruction of justice under Article 134. *See* para. 96, Part IV, Manual, *supra.* He cites that case as holding

> that lying to investigative agents alone does not constitute obstruction of justice under the federal statute because it does not "have the 'natural and probable effect' of interfering with the due administration of justice."

Final Brief at 3.

He further notes that the military obstruction of justice offense as delineated in paragraph 96, Part IV, has the same "due administration of justice" element as the federal civilian statute construed in *Aguilar.* Accordingly, he argues that we should similarly limit the application of the military offense of obstruction of justice to not include false statements to police investigators.

Title 18 USC § 1503, the statute construed by the Supreme Court in *Aguilar,* states in pertinent part:

> § 1503. **Influencing or injuring officer or juror generally**
>
> (a) Whoever corruptly, or by threats or force, or by any threatening letter or communication, *endeavors to* influence, intimidate, or *impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate,* in the discharge of his duty, or *injures any such grand or petit juror* in his person or property on account of any verdict ·or indictment assented to by him, or on account of his being or having been such juror, or *injures any such officer, magistrate judge, or other committing magistrate* in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or *endeavors to* influence, obstruct, or *impede, the due administration of justice,* shall be punished as provided in subsection (b). If the offense under this section occurs in connection with a trial of a criminal case, and the act

in violation of this section involves the threat of physical force or physical force, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case.

(Emphasis added.)

The Supreme Court in *Aguilar* determined that the "due administration of justice" clause of this statute should be narrowly construed in light of a judicial proceeding "nexus" requirement. In other words, the statute can be applied only to protect proceedings and persons related to an actual grand jury investigation or trial. This limitation on the scope of this crime was drawn from the "grand juror" or "petit juror" language repeatedly employed in the other sections of this statute. Accordingly, the Supreme Court held that lying to a federal agent not connected to an ongoing grand jury investigation or trial was not punishable under 18 USC § 1503.

Obstruction of justice punishable at military law under Article 134 is delineated in our case law and explained by the President in the Manual for Courts–Martial in a substantially different way. *See generally United States v. Williams,* 29 MJ 41, 42 (CMA 1989). The Manual states:

**Article 134–(Obstructing justice)**

\* \* \*

> b. *Elements.*
>
> (1) That the accused wrongfully did a certain act;
>
> (2) *That the accused did so in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending;*
>
> (3) That the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice; and
>
> (4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the

armed forces or was of a nature to bring discredit upon the armed forces.

c. *Explanation. This offense may be based on conduct that occurred before pre-ferral of charges.* Actual obstruction of justice is not an element of this offense. For purposes of this paragraph "criminal proceedings" includes nonjudicial punishment proceedings under Part V of this Manual. *Examples of obstruction of justice include wrongfully* influencing, intimidating, *impeding,* or injuring a witness, a person acting on charges under this chapter, an investigating officer under RCM 406, or a party; and *by means* of bribery, intimidation, *misrepresentation,* or force or threat of force *delaying or preventing communication of information relating to a violation of any criminal statute of the United States to a person authorized by a department, agency, or armed force of the United States to conduct or engage in investigations or prosecutions of such offenses;* or endeavoring to do so.

Para. 96, Part IV (emphasis added). The obvious absence of reference to grand jurors or petit jurors is understandable in light of the different process for administering justice in the military. *See* Arts. 16 and 32, UCMJ, 10 USC §§ 816 and 832, respectively; *see generally Weiss v. United States,* 510 U.S. 163, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

With this background in mind, the first question we must address is whether the decision of the Supreme Court in *Aguilar should* be followed by this Court in delineating the military offense of obstructing justice in violation of Article 134. We initially note that, in *Aguilar,* the Supreme Court considered 18 USC § 1503, a different provision of criminal law, than the one at issue in appellant's case. More importantly, the language of that statute relied on by the Supreme Court for the "nexus" requirement of *Aguilar* does not exist for the military offense of obstructing justice. Finally, that statute does not contain the specific language in paragraph 96 of Part IV of the Manual explaining obstruction of justice as "by means of ... misrepresentation ... delaying or preventing communication of information relating to a violation of any criminal statute of

the United States *to a person authorized by a department, agency, or armed force of the United States to conduct or engage in investigations ... of such offenses [.]* " (Emphasis added.) The President's explanation of this offense fully comports with our case law. *See United States v. Jones,* 20 MJ 38 (CMA 1985); *see also United States v. Tedder,* 24 MJ 176, 179 (CMA 1987). Accordingly, we reject appellant's argument that *Aguilar* should be applied to the military offense of obstruction of justice and his guilty pleas should be invalidated in this case.

■ Appellant offers a second argument for setting aside his guilty pleas to obstruction of justice by impeding a military police investigation. He contends that the existence of a particular federal civilian statute prohibiting obstruction of justice (18 USC § 1503) preempts prosecution of this offense with different elements as a service discredit or disorder under Article 134. *See United States v. Cartwright,* 13 MJ 174 (CMA 1982). Accordingly, he argues that he could only be prosecuted for this offense at a court-martial to the extent permitted by 18 USC § 1503, as construed in *Aguilar.* We disagree.

This Court has rejected this preemption argument, with respect to the military offense of obstruction of justice, on numerous occasions. *See United States v. Athey,* 34 MJ 44, 48 (CMA 1992); *United States v. Williams* and *United States v. Jones,* both *supra; see generally United States v. Long,* 2 USCMA 60, 6 CMR 60 (1952). The decision of this Court in *Cartwright,* cited by appellant for a general principle to the contrary, does not persuade us to reject this line of cases. The *Cartwright* decision does not address 18 USC § 1503 or the well-established military offense of obstructing justice as explained in the Manual. Moreover, appellant has not proffered any other support for his assertion that Congress intended 18 USC § 1503 to preempt prosecution for the military offense of obstruction of justice at court-martial. *See generally United States v. McGuinness,* 35 MJ 149, 152 (CMA 1992)(Federal Espionage Act did not preempt prosecution of similar conduct as violation of security regulation under Article

92, UCMJ, 10 USC § 892.). Accordingly, we find appellant's guilty pleas to impeding a military police investigation in violation of Article 134 were not otherwise invalidated by 18 USC § 1503.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Judges CRAWFORD, GIERKE, and EFFRON concur.

COX, Chief Judge (concurring):

Although I concur, I remain concerned that military prosecutors are taking one act of misconduct which may be prosecuted under one simple statute, Article 134, UCMJ, 10 USC § 934, and making that one act the basis for multiple specifications. *See United States v. Oatney*, 45 MJ 185, 190 (1996) (Cox, C.J., with whom Everett, S.J., joins dissenting).