SULLIVAN, Senior Judge
(concurring in the result):
Appellant, who gave a false, sworn, written statement to criminal investigators after he waived his statutory rights against self-in *350 crimination, can be prosecuted for making a false official statement in violation of Article 107, Uniform Code of Military Justice. United States v. Prater, 32 MJ 433, 438 (CMA 1991); see United States v. Solis, 46 MJ 31, 36 (1997) (Sullivan, J., concurring in the result).
One need not speculate on the “drafting history” of the Manual for Courts-Martial to reach this position. In United States v. Prater, supra, this Court clearly stated, “[Statements to military criminal investigators can now be considered official for purposes of Article 107. Finally, where warnings under Article 31 are given to the criminal suspect, as in the present case, his duty to respond truthfully to criminal investigators, if he responds at all, is now sufficient to impute officiality to his statements for purposes of Article 107.”
In my view, there is an independent duty not to lie to investigators once one has waived his or her self-incrimination rights. The Constitution and Article 31 provide rights and protect the servieeperson until those rights are waived. In issuing paragraph 31c(6)(a), Manual for Courts-Martial, United States (1998 ed.), the President did not intend to create a “safe harbor” for a servieeperson to lie to investigators without punishment.
Once a suspect has waived his self-incrimination rights, the suspect on active duty has attendant duties and responsibilities. See United States v. Medley, 33 MJ 75, 77 (CMA 1991) (“The policy basis for reporting misconduct in the military is more than powerful; it is axiomatic.”); see, e.g., U.S. Navy General Regulation 1137 (Sept. 14, 1990) (duty to report offenses under Code unless criminally involved). The military suspect, if he waives his rights and chooses to talk to investigators, cannot mislead or thwart an investigator with lies, especially, as in this case, where a sworn, false, written statement was given to the investigators. See also United States v. Arriaga, 49 MJ 9 (1998) (holding that military accused can be prosecuted for obstruction of justice in similar circumstances). Logic and our ease law will not allow appellant to escape prosecution under Article 107. See, e.g., United States v. Prater, 32 MJ at 438; United States v. Dorsey, 38 MJ 244, 248 (CMA 1993); United States v. Frazier, 34 MJ 135 (CMA 1992); United States v. Gay, 24 MJ 304, 306 n. 3 (CMA 1987).