**UNITED STATES, Appellee,**

v.

**Specialist Sang H. KIM, 466–61–4847, United States Army, Appellant.**

**ACMR 9100564.**

U.S. Army Court of Military Review.

14 July 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Kurt J. Mayer, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kenneth T. Grant, JAGC (on brief).

OPINION OF THE COURT

ARKOW, Judge:

Appellant was tried by a general court-martial and, contrary to his plea, was found guilty of desertion in violation of Article 85, Uniform Code of Military Justice, 10

U.S.C. § 885 (1982) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for two years, total forfeitures, and reduction to Private E1.

Appellant contends in this appeal that the evidence is insufficient as a matter of fact and law to support his conviction for desertion. We disagree.

■ Appellant was charged as follows: In that Specialist Sang H. Kim, US Army, A Company, 122d Main Support Battalion, did, at Hanau, Federal Republic of Germany, on or about 17 November 1990, without authority and with intent to avoid hazardous duty and shirk important service, namely: preparation, entrainment, and embarkation for overseas deployment of, and service with, his unit in the Kingdom of Saudi Arabia in support of "Operation Desert Shield," and with intent to remain away therefrom permanently, absent himself from his unit, to wit: A Company, 122d Main Support Battalion, located at Hutier Kaserne, Hanau, Federal Republic of Germany, and did remain so absent in desertion until he was apprehended in the Republic of Korea on 6 December 1990.

■ This pleading is impermissibly duplicitous as it combines the separate offenses of desertion with the intent to remain away permanently and desertion with intent to avoid hazardous duty or shirk important service. *Compare* Art. 85(a)(1) *with* Art. 85(a)(2), UCMJ. Each specification should allege one offense. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 307(c)(4) [hereinafter R.C.M.]. The remedy for duplicitous pleadings is to move for appropriate relief to sever the charge into two or more specifications. R.C.M. 906(b)(5). Here appellant failed to move for such relief. His failure amounts to a waiver of the defect. *See United States v. Holt*, 31 M.J. 758, 762 (A.C.M.R.1990).[1]

We have examined the evidence in this case for both factual and legal sufficiency. To support a conclusion of legal sufficiency we must find that a reasonable factfinder, viewing the evidence in the light most favorable to the government, could find all essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The test for factual sufficiency is whether, after weighing all the evidence and considering the lack of opportunity to both see and hear the witnesses, we are convinced of appellant's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

■ Examining the record for factual sufficiency, we are not convinced beyond a reasonable doubt that appellant intended to permanently absent himself from his unit, that he was apprehended, or that he intended to avoid hazardous duty or service with his unit in the Kingdom of Saudi Arabia in support of Operation Desert Shield.

We are, however, convinced beyond a reasonable doubt that appellant did quit his unit, without proper authority, with the intent to shirk important service, namely, preparation for overseas deployment in support of Operation Desert Shield. Appellant, having been made aware of his unit's deployment alert to Saudi Arabia, left his unit in Germany without permission and went to Korea. He remained in Korea until his return to military control and subsequent return to his unit in Germany prior to its departure to Saudi Arabia. Appellant was told of the unit's need to prepare for this deployment and the requirement to work long hours daily to complete that mission.

The determination of what constitutes important service is a factual question for the court-martial to decide. Manual for Courts–Martial, United States, 1984, Part IV, para. 9c(2)(a). Implicit in their finding of guilty, the court members concluded that the service avoided by appellant was important as contemplated by Article 85, UCMJ. We agree with that conclusion.

■ Appellant contended that the reason he left his unit was to visit his dying grandmother and resolve a problem regarding

---

1. Although the error was waived by a failure to object at trial, we do not endorse duplicitous pleading.

his citizenship.[2] He claimed his absence was intended to be temporary, as evidenced by his purchase of a roundtrip ticket to Korea with a return date prior to his unit's departure for Saudi Arabia. The government contended the reason he left his unit was that appellant went to Korea to be with his girlfriend, a Korean woman married to an American soldier, and because appellant thought it unfair that he had to go to Saudi Arabia but could not reenlist. Appellant's actual motivation for leaving his unit is unimportant, if as a consequence of that unauthorized absence appellant had reasonable cause to know that he would avoid important service. *See United States v. Shull*, 2 C.M.R. 83, 88–89 (C.M.A. 1952). We find that appellant was aware of his unit's important service and that he left his unit knowing and intending to avoid the important service of preparing for the hostilities that were imminent.

Examining the record for legal sufficiency, we are satisfied that a reasonable factfinder could reasonably find all of the essential elements of the offense beyond a reasonable doubt.

The remaining assignment of error is without merit.

The Court affirms only so much of the finding of guilty of the Charge and its Specification as finds that appellant did, at Hanau, Federal Republic of Germany, on or about 17 November 1990, with intent to shirk important service, namely: preparation for overseas movement to Saudi Arabia in support of Operation Desert Shield, quit his unit, to wit: A Company, 122d Main Support Battalion, located at Hutier Kaserne, Hanau, Federal Republic of Germany, and did remain so absent in desertion until on or about 6 December 1990. The sentence is affirmed.

Senior Judge De GIULIO and Judge WALCZAK concur.

---

**2.** Prior to the date of appellant's offense, he was notified that he would not be allowed to reenlist because he was a Korean citizen, and had not yet become a United States citizen, as required by regulation.